## 62728. RIGGINS v. THE STATE.

BANKE, Judge.

The defendant was convicted of armed robbery and possession of marijuana. He moved to disqualify the trial judge alleging him to be biased due to occurrences which allegedly took place when the judge was district attorney for the county. He alleges that he was tried and convicted of burglary during that period and that his refusal to testify against another defendant resulted in the acquittal of that defendant, engendering "certain remarks . . . by members of the district attorney's office, including the now presiding judge, which would tend to result in present bias or the appearance of bias against the defendant." Also assigned as error is the denial of a motion for new trial based on denial of the motion to recuse. *Held:*

In a recent case dealing with recusal motions, the Supreme Court adopted the federal procedure for dealing with the problem, "that is, when a trial judge in a case pending in that court is presented with a motion to recuse *accompanied by an affidavit*, the judge's duty will be limited to passing upon the legal sufficiency of the affidavit, and if, assuming all the facts alleged in the affidavit to be true, recusal would be warranted, then another judge must be assigned to hear the motion to recuse." (Emphasis supplied.) *State v. Fleming*, 245 Ga. 700, 702 (267 SE2d 207) (1980).

In the case before us, the defendant acknowledges that his motion was unsupported by affidavit, and no other evidence concerning the allegations appears in the record. The trial court's order reflects, and defendant's brief tacitly concedes, that he was given the opportunity to perfect his motion but failed to do so. "In the absence of any evidence to the contrary, it is presumed that the trial judge's conduct . . . in performing his official duties was proper. Code § 38-114." *Wilson v. State*, 145 Ga. App. 33 (1) (243 SE2d 304) (1978).

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

Decided October 2, 1981.

*Edward Kenneth Albrecht,* for appellant.
*Robert E. Keller, District Attorney, Jack T. Wimbish, Jr., Assistant District Attorney,* for appellee.