## 63268. COPPOLA v. THE STATE.

BANKE, Judge.

Following the 1980 Georgia-Georgia Tech football game in Athens, Georgia, the appellant found a dent in the side of his automobile, which he had parked in front of a fraternity house on the University of Georgia campus. Noticing that four young men were sitting on the trunk of a car parked directly behind him, he questioned them concerning the cause of this damage. Unsatisfied with their response, he left and returned a few minutes later accompanied by his brother. At some point a physical altercation ensued between the appellant's brother and one or more of the other men, and the appellant produced and fired a pistol, wounding two persons. A jury rejected his defense of justification and found him guilty of two counts of aggravated assault. On appeal, he contends that the trial court erred in refusing to admit testimony concerning past experiences in which he had been attacked and injured by groups of people and in charging the jury that the defense of justification is to be evaluated on the basis of what a reasonable person under the same circumstances would believe, rather than on the basis of the particular defendant's subjective beliefs. *Held:*

1. Any error in refusing to admit the appellant's testimony concerning his past experiences was harmless in light of the fact that a clinical psychologist who testified on his behalf related this history of alleged attacks. In any event, the appellant provided no offer of proof as to the testimony he would have given on the issue. See generally *Lee v. State,* 237 Ga. 179 (3) (227 SE2d 62) (1976).

2. The trial court did not err in charging the jury that the defense of justification is to be evaluated with reference to the beliefs that "a reasonable person under the same circumstances" would have experienced. This was a correct statement of the law under Code Ann. §§ 26-902 (a) and 26-401 (p). See *Moore v. State,* 228 Ga. 662, 666 (6) (187 SE2d 277) (1972); *Daniels v. State,* 248 Ga. 591 (1981).

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED MARCH 4, 1982.

*Alan M. Alexander, Jr.,* for appellant.
*Harry Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.