## 72018. MILLER v. THE STATE.
(345 SE2d 909)

SOGNIER, Judge.

Appellant was convicted at a bench trial of cruelty to animals, and he appeals.

1. Appellant contends the court erred by convicting him because the acts charged in the accusation do not constitute a criminal act under Georgia law and there was no evidence of intent, malice, knowledge or criminal negligence.

OCGA § 16-12-4 (a) provides: "A person is guilty of a misdemeanor when his act, omission, or neglect causes unjustifiable physical pain, suffering, or death to any living animal." The evidence disclosed that appellant kept several Rottweiler dogs on his 30-acre farm, and allowed one or two of them to roam the farm for protection. During the afternoon of November 3, 1983 two of appellant's dogs attacked a dog owned by Danita Clark, appellant's tenant, resulting in her dog's death. The attack occurred on a State road running in front of Clark's house, and the incident was observed by Clark. Appellant's dogs had previously killed one calf and mauled another on the property occupied by Clark, and had killed another dog. Appellant was aware of the prior incidents, and although he built pens for the dogs after the prior incidents, he knew that the dogs could, and did, get out of the pens easily. Even after building the pens, however, appellant allowed one or two of the dogs to roam the property freely.

This evidence clearly constitutes a violation of OCGA § 16-12-4 (a), supra, as appellant's failure to keep his dogs under control and allowing them to roam freely after he knew the dogs had killed other animals constitutes an "omission or neglect" on appellant's part, as set forth in the Code. The fact that Clark's dog was killed without malice or intent on appellant's part is immaterial, as malice and intent are not elements of the offense of cruelty to animals. As stated previously, appellant had knowledge of the vicious propensities of his dogs and continued to let them run loose. Such action constitutes negligence on appellant's part. Thus, the acts charged in the accusation constitutes an offense under Georgia law and the evidence is sufficient to meet the standard of proof required by *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Hence, it was not error to deny appellant's motion for a directed verdict of acquittal, which he enumerated as error in a separate enumeration. *Humphrey v. State,* 252 Ga. 525, 527 (1) (314 SE2d 436) (1984).

2. Appellant contends that if there was a crime, it was error to find him guilty because he was not the criminal. This argument is based on the fact that appellant's six and eight-year-old daughters were allegedly the registered owners of the dogs. This enumeration is without merit. Ownership of the dogs is immaterial, for the evidence showed clearly that the dogs were under appellant's custody and control. This was a bench trial and the trial judge made written findings of fact, stating, in pertinent part: "The Court finds from the evidence submitted that the Rottweiler dogs are animals owned and under the control of the Defendant. . . ." Further, the court found that appellant was aware of the vicious nature of his dogs, and the dogs "had been penned and fenced by the *Defendant* to prevent such attacks but this attempt to *control* them was unsuccessful prior to this incident. In any event the *Defendant* allowed at least two of the dogs to

roam the property to act as guard dogs, however, the dogs did not always remain on the Defendant's property." (Emphasis supplied.) Except for ownership, the findings are supported amply by the evidence.

We find that whether or not appellant was the registered owner of the Rottweiler dogs is immaterial, because the dogs were clearly under appellant's custody and control. The statute makes a person guilty of cruelty when "*his* act, omission, or neglect" causes the death of an animal; nowhere does the statute refer to an owner. The evidence shows clearly that it was appellant's acts, omissions, or neglect which caused the death of the Clarks' dog, since it was appellant who allowed his dogs to roam freely, even though he knew that his dogs had killed other animals. Such evidence sufficiently shows appellant's culpability for the death of the Clarks' dog. See *Smith v. State,* 160 Ga. App. 26 (1) (285 SE2d 749) (1981).

3. Appellant contends the trial court erred by permitting evidence of similar incidents to establish prior knowledge by appellant, because the incidents were not similar to the offense charged. The testimony showed that appellant's dogs had killed another dog and a calf, and severely mauled another calf which survived. Appellant had knowledge of these incidents, which are obviously similar to the offense charged. Thus, it was not error to admit such evidence. See *Davis v. State,* 249 Ga. 309, 311 (1) (290 SE2d 273) (1982).

4. Lastly, appellant contends the trial court erred by not granting his demurrer to the accusation. He argues that because the State alleged the act was done wilfully, and then proceeded on a theory of omission or neglect, he was unable to prepare a defense. Appellant also argues that other portions of the accusation which allege that he was the owner of the dogs are incorrect.

Ownership of the dogs would be a matter of proof, not a matter causing a defective accusation. Although the accusation used the term "wilfully," wilfullness is not an element of the offense of cruelty to animals, OCGA § 16-12-4 (a), so use of that term would be mere surplusage. *Hicks v. State,* 149 Ga. App. 459 (1) (254 SE2d 461) (1979). Appellant acknowledged that he understood what offense he was charged with committing, and every accusation shall be deemed sufficiently technical and correct which states the offense in the terms of the Code, or so plainly that the nature of the offense charged may easily be understood by a jury. OCGA § 17-7-71 (c). Hence, it was not error to overrule appellant's demurrer to the accusation. See *Stewart v. State,* 246 Ga. 70, 72-73 (2) (268 SE2d 906) (1980).

*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED MAY 27, 1986.

*Britton Miller, Jr., George W. Weaver,* for appellant.
*Terry Stringer, Solicitor,* for appellee.