## A89A0001. PUGH v. THE STATE.
### (382 SE2d 143)

BIRDSONG, Judge.

Appellant is charged with the offense of voluntary manslaughter of her husband. The district attorney was advised that Mrs. Pugh intended to raise the "battered woman" syndrome as a defense. The State filed a motion in limine "to require a specific proffer of evidence from the defendant on said Syndrome and to rule such evidence inadmissible. . . ." Pugh's response admitted she would offer such evidence as one of her defenses. The State filed an amended motion in limine to "totally exclude evidence of the 'battered woman' syndrome if tendered by the defendant as part of a defense of justification by self-defense . . . and . . . the defendant not be allowed to tender evidence of the 'battered woman' syndrome for any other purpose unless the dictates of Rule 31.4 of the Uniform Court Rules ["Notice of Intention of Defense to Raise Issue of Insanity, Mental Illness or Mental Competency"] are complied with in full." The trial court held that "[a]lthough this characterization of one suffering from the 'battered woman syndrome' does not conclusively fall within the scope of insanity, mental incompetence, or mental illness contemplated by the Uniform Superior Court Rule 31.4, it does suggest the possibility of a mental deficit which might fall within any of the three areas of diminished capacity mentioned in the rule." The trial court granted the "State's Motion in Limine" and we granted interlocutory appeal to review this issue. *Held*:

The effect posited by the approval of the State's motion is to totally exclude any evidence of appellant as to whether she comes within the parameters of the "battered woman" syndrome. Appellant is charged with the voluntary manslaughter of her husband. A possible defense is self-defense. " ' "To establish [a] plea of self-defense, the defendant must show that the circumstances were such as to excite the fears of a reasonable man that his life was in danger; a mere unreasonable apprehension or suspicion of harm being insufficient." ' " *Wells v. State*, 186 Ga. App. 62, 63 (366 SE2d 397). In *Smith v. State*, 247 Ga. 612 (277 SE2d 678), the Supreme Court thoroughly examined the "battered woman" syndrome and concluded "that the battered woman becomes increasingly afraid for her own well-being, and that the primary emotion of a battered woman is fear." Id. at 614. The battered woman syndrome evidence was found admissible. This same issue was re-examined in *Sanders v. State*, 251 Ga. 70 (303 SE2d 13), in which it was stated: "We have held that under appropriate circumstances a woman who kills her husband or boyfriend and raises the defense of self-defense may, as evidence of whether she acted in fear of her life, have an expert witness describe the 'battered woman syndrome,' apply that model to the facts, and

conclude that the woman falls within the profile." Id. at 74. Hence, if appellant intends to raise the defense of self-defense (OCGA § 16-3-21 (a)), evidence of the "battered woman" syndrome would be relevant.

The Supreme Court has also held, in *Chapman v. State*, 258 Ga. 214, 216 (367 SE2d 541), that "[a] defendant claiming self-defense based on the battered woman syndrome may, by her own testimony, coupled with that of an expert, make the prima facie showing required for the admission of the victim's general character for violence." Thus, if a defendant can establish she is a "battered woman," the Supreme Court has held the "primary emotion of a battered woman is fear," and because "fears of a reasonable" person is relevant to establish a claim of self-defense, such evidence is admissible. *Sanders*, supra.

The State argued to the trial court that "the Supreme Court in *Smith* [and *Chapman*] missed the mark" and "[t]he battered woman syndrome defense is, therefore, really a defense of diminished responsibility and although Georgia does not recognize the defense under that name it is implicit in the authorized verdict of Guilty But Mentally Ill pursuant to OCGA § 17-7-131." The trial court granted the State's motion which excludes all evidence of the battered woman syndrome, even if appellant raises the issue of self-defense.

We need not determine whether the "battered woman syndrome" also raises an issue of insanity, mental illness, or mental incompetency, because the Supreme Court has specifically held that evidence of the battered woman syndrome is independently admissible in conjunction with a claim of self-defense.

Professor Wigmore observed that the possible multiple use of one evidentiary fact is a common problem in the field of evidence (1A Wigmore on Evidence 1869, § 215), and "when an evidentiary fact is offered for one purpose and becomes admissible by satisfying all the rules applicable to it in that capacity, it is not inadmissible because it does not satisfy the rules applicable to it in some other capacity and because the jury might improperly consider it in the latter capacity." 1 Wigmore on Evidence 694, § 13. Placing this rule in the factual context of this case: When the evidentiary fact of the battered woman syndrome is properly established by competent evidence, it is admissible in conjunction with the defense of self-defense, and it is not inadmissible because appellant has not satisfied the evidentiary rules to admit the same evidence in relation to a claim of insanity, mental illness, or mental incompetency. Georgia law is in agreement with Wigmore. "Where evidence is offered and objected to, if it is competent for any purpose, it is not erroneous to admit it." *Fidelity & Deposit Co. v. Nisbet*, 119 Ga. 316 (4) (46 SE 444); accord *Wyatt v. State*, 206 Ga. 613, 616-617 (57 SE2d 914); *Clifton v. State*, 187 Ga.

502 (5) (2 SE2d 102); *Gordon v. Gordon*, 133 Ga. App. 520, 522 (211 SE2d 374); *Mutual Benefit &c. Assn. v. Hickman*, 100 Ga. App. 348, 365 (4) (111 SE2d 380); Green's Ga. Law of Evidence 18, § 11.

Perhaps the rule is best stated in *Orr v. Dawson Telephone Co.*, 35 Ga. App. 560 (2) (133 SE 924): "The fact that evidence may be inadmissible for one purpose does not warrant its exclusion when it is relevant and admissible for another purpose." Accordingly, as the evidence of the "battered woman syndrome" is admissible for the purposes of establishing (1) reasonable fear of the wife in connection with a claim of self-defense (*Smith*, supra), and (2) general character for violence of the husband (*Chapman*, supra), such evidence may not be excluded because appellant failed to satisfy the basis for admissibility of the same evidence as relevant to insanity, mental illness, or mental incompetency (Rule 31.4 of the Uniform Rules).

We emphasize the fact that such evidence is admissible in connection with an issue of self-defense, does not mean that it can be used to raise the issues of insanity, mental illness, or mental incompetency—without prior compliance with Rule 31.4. The jury may properly be instructed on the limited purpose of admissibility of the evidence relating to the "battered woman syndrome." *Stuckey's Carriage Inn v. Phillips*, 122 Ga. App. 681, 687 (178 SE2d 543).

*Judgment reversed. Deen, P. J., and Benham, J., concur.*

DECIDED APRIL 25, 1989.

*Harry M. Moseley*, for appellant.
*Rafe Banks III, District Attorney*, for appellee.