A90A1239. PRECISE v. CITY OF ROSSVILLE.

(397 SE2d 133)

DEEN, Presiding Judge.

James L. Precise was a police officer for the City of Rossville from October 10, 1977, until March 23, 1987. A special Rossville City Council meeting was held on March 19, 1987, to discuss police person-

nel matters, and the mayor was directed to meet with appellant to discuss allegations concerning his behavior and conduct as a police officer and to give Precise the option of resigning or having his dismissal considered by the council at a public hearing. At the meeting with the mayor, Precise requested three days to consider his options, and the mayor granted the request. Three days later, appellant tendered a letter of resignation to the mayor. The following day, after consultation with his attorney, Precise prepared a second letter to the mayor and city council attempting to rescind his resignation and requesting permission to return to work. The letter was presented to the mayor on March 25. In his letter of resignation Precise requested two weeks of accrued vacation pay, two weeks of severance pay, and his personnel file. On April 8, 1987, the city council held a special meeting and voted unanimously to reject Precise's request to be placed on probation and to grant him a full hearing on his additional demands. Another hearing was held on June 10, 1987, and appellant was represented by counsel. Following the hearing, the city council voted unanimously to reject the officer's revocation of his resignation and to terminate his employment effective the date of his resignation letter.

On March 31, 1989, Precise brought a lawsuit against the city alleging that he had an employment contract with the city based on the city code and personnel policies implementing the code, that the city breached the employment contract, wrongfully refused to provide employment statistics, and wrongfully interfered with a personal recommendation. Precise appeals following the grant of summary judgment in favor of the city.

1. Precise has filed a motion to remand, claiming that on March 2, 1990, he filed a motion requesting the trial judge to recuse himself and to vacate and set aside the order of February 26, 1990, granting summary judgment to the city. He filed his notice of appeal on March 14, 1990. On May 14, 1990, the trial judge filed an order of recusal, but the motion to vacate and set aside is still pending.

The trial court lost jurisdiction of the case once the notice of appeal was filed and could enter no further orders in the case. *Turner v. Harper*, 233 Ga. 483 (211 SE2d 742) (1975). The appeal was not premature, as the order granting summary judgment was a final order. Appellant's motion to vacate could only be considered to be a motion to reconsider, which under OCGA § 5-6-38 does not extend the time for filing an appeal. *Adamson v. Adamson*, 226 Ga. 719 (177 SE2d 241) (1970). Moreover, the motion to recuse was defective in that it was not accompanied by an affidavit as required under *State v. Fleming*, 245 Ga. 700, 702 (267 SE2d 207) (1980); *Riggins v. State*, 159 Ga. App. 791 (285 SE2d 579) (1981). As the motion to recuse was invalid because it was not accompanied by an affidavit, the order was of no

effect. The motion to remand is therefore denied.

2. The suit against the city for breach of an alleged employment contract is barred by the doctrine of sovereign immunity because the hiring and firing of police officers is a governmental function. *City of Atlanta v. Fry*, 148 Ga. App. 269 (251 SE2d 90) (1978). See also *Smith v. City of Atlanta*, 167 Ga. App. 458, 461 (306 SE2d 720) (1983).

3. Precise cannot maintain his tort claims against the city, as he did not give the six-month written notice required under OCGA § 36-33-5. *Thompson v. City of Atlanta*, 219 Ga. 190, 192 (132 SE2d 188) (1963).

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED SEPTEMBER 4, 1990 —
REHEARING DENIED SEPTEMBER 14, 1990 — CERT. APPLIED FOR.

*Robert I. Kiselik*, for appellant.

*Luther, Anderson, Cleary & Ruth, Kenneth R. Starr, Steven W. Kreitzer, Gleason & Davis, John W. Davis, Jr.*, for appellee.