A91A1075. WILLIS v. THE STATE.
(410 SE2d 377)

BEASLEY, Judge.

Defendant Willis appeals his conviction of cruelty to an animal, OCGA § 16-12-4, enumerating as error that the evidence was insufficient.

Defendant was accused of shooting Tristan, an Australian Shepherd, which was owned by Dr. Janet Clark, a veterinarian. She and

her husband, Don Clark, Jr., lived on property adjacent to that of defendant. Clark's father, Don Clark, Sr., who also lived nearby testified that he heard the dog yelping and howling and saw it running away. He also saw defendant standing with a rifle in his hand. He began moving in the direction of defendant who, accompanied by his son, turned in the direction of a shed which he entered. Clark, Sr., stopped following defendant because Clark, Jr., arrived in his truck and they went to search for the dog before dark. Clark further testified the dog was on his son's land and that he heard no report from the rifle. He explained that defendant had told him of shooting another dog with a pellet gun which makes no loud sound. After the dog was found, Dr. Janet Clark testified that it had a gunshot wound through its ear which she treated. Clark, Sr.'s wife testified that she heard the dog's cries and upon looking out the window of the house she saw defendant holding what looked like a rifle and accompanied by his son. She stated defendant walked to a shed and came out empty-handed.

Defendant admitted on cross-examination that his son owned an air rifle or pellet gun which "will shoot pellets of BBs." The rifle formerly was defendant's. Defense witnesses gave testimony which, if believed, would establish an alibi for Willis.

The principal issues involved circumstantial evidence and credibility. In this respect, we view the evidence in a light most favorable to the verdict. *Murdix v. State*, 250 Ga. 272, 274 (1) (297 SE2d 265) (1982). " 'If a jury is authorized to find that the evidence, circumstantial though it may be, is sufficient to exclude every reasonable hypothesis save that of guilt,' " the jury's finding will not be disturbed unless the verdict is unsupportable as a matter of law. *Brewer v. State*, 156 Ga. App. 468, 469 (274 SE2d 817) (1980). Accord *Shockley v. State*, 166 Ga. App. 182 (303 SE2d 519) (1983). We do not undertake to weigh the evidence but only to ascertain whether there is sufficient competent evidence to sustain the verdict. *Pierce v. State*, 243 Ga. 454 (254 SE2d 838) (1979). As to conflicting evidence and testimony, "[t]he weight of the evidence and credibility of witnesses are questions for the jury." *Williams v. State*, 184 Ga. App. 68 (1) (360 SE2d 634) (1987). *Jones v. State*, 188 Ga. App. 398, 399 (373 SE2d 86) (1988).

Applying these precepts to the facts of this case, the evidence was sufficient to support the verdict.

*Judgment affirmed. Birdsong, P. J., and Carley, P. J., concur.*

DECIDED SEPTEMBER 12, 1991.

*Andrews & Seery, Stephen H. Andrews*, for appellant.

*J. Richard Porter III, Solicitor*, for appellee.