### A94A2170. COX v. THE STATE.
(453 SE2d 471)

SMITH, Judge.

Robert Cox was charged by accusation with the offenses of discharging a pistol near a public street, OCGA § 16-11-103; cruelty to animals in the second degree, OCGA § 16-12-4 (a); reckless conduct, OCGA § 16-5-60 (b); and pointing a pistol at another, OCGA § 16-11-102. He was convicted on all counts and his motion for new trial was denied.

1. Cox enumerates the general grounds. The evidence presented at trial showed that on the evening of October 4, 1993, Andrew Brown brought his dog, Square, into downtown Athens, tied him to a parking meter on the sidewalk, and entered a bar to meet friends. About 9:30 p.m., Brown and Doug Hollingsworth heard two noises a few seconds apart that sounded like guns being fired or cars backfiring. Hollingsworth stepped outside the bar and found the dog "obviously wounded and bleeding." He also saw Cox standing nearby with a gun. Hollingsworth testified he was angry and asked Cox sarcastically if he was having fun, whereupon Cox turned to face him, pointed the gun at him, and asked him if he "want[ed] some too." The police were summoned and arrested Cox, who had a valid permit for the gun and had remained in the area. A passerby who witnessed the shooting identified Cox as the man he observed firing the gun at the dog.

Cox, who is mentally retarded, lives in public housing and bought the gun to protect himself. He was walking in downtown Athens toward his home shortly before 9:30 p.m. and had the feeling someone was following him when he encountered the dog. He did not recognize that the dog was leashed and thought he could not get away from the dog; he felt threatened by both the dog and persons who gathered after he shot the dog. He testified it appeared to him some of the people had sticks or pieces of iron. He admitted he must have shot the dog (although he had no recollection of the actual shooting) and that he pointed the gun at someone. It is obvious that this evidence amply supports Cox's conviction of the crimes of discharging a pistol near a public street and pointing a pistol at another.

As to the offense of cruelty to animals in the second degree, a person is guilty of this misdemeanor "when his act . . . causes unjustifiable physical pain, suffering, or death to any living animal." OCGA § 16-12-4 (a). Although Cox testified he never meant to hurt the dog,

wilfulness, malice and intent are not elements of this offense. *Miller v. State*, 179 Ga. App. 217, 218 (1) (345 SE2d 909) (1986). Several witnesses testified that the dog was yelping and cowering after being shot. A veterinarian testified the dog was not seriously hurt but she believed the dog had some degree of pain. It is undisputed the dog was tied to the meter, and there is no evidence the shooting was necessary. We find this evidence sufficient to authorize the jury to convict Cox of cruelty to animals under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). *Willis v. State*, 201 Ga. App. 182 (410 SE2d 377) (1991).

A person is guilty of reckless conduct when he "endangers the bodily safety of another person by consciously disregarding a substantial and unjustifiable risk that his act . . . will cause harm or endanger the safety of the other person and the disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation." OCGA § 16-5-60 (b). Cox admitted he knew he should not discharge the gun within the city limits; he knew he was already "in enough trouble" for shooting the dog and had no intention of shooting into the crowd; he knew he was still holding the gun when he turned and pointed it at a person; and it was possible that he threatened Hollingsworth. This conduct deviates from the standard of care a reasonable person would have exercised under the circumstances. Moreover, despite Cox's disability, it was sufficient to show conscious disregard of a substantial and unjustifiable risk of endangering the safety of others. The jury was authorized to convict Cox of the offense of reckless conduct under the standard required by *Jackson v. Virginia*.

2. The State moved in limine to exclude testimony from two mental health professionals Cox sought to introduce. The trial court granted the State's motion on the ground that Cox failed to comply with the notice provisions of Uniform Superior Court Rule 31.4. The rule requires that notice be filed and served on the State at least ten days before trial if the defense intends "to raise *the issue* that the defendant or accused was or is insane, mentally incompetent, or mentally ill at the time of act or acts charged against him. . . ." (Emphasis supplied.)

Cox contends the trial court erred in excluding the expert testimony because he was not seeking to introduce the testimony to put forward a defense of insanity or diminished capacity but in support of his main defense of justification. Relying upon *Pugh v. State*, 191 Ga. App. 394 (382 SE2d 143) (1989), he argues that USCR 31.4 does not bar the use of such testimony under these circumstances. In *Pugh*, this court held that expert evidence detailing "battered woman syndrome" was admissible at trial despite failure of the defendant to give timely notice pursuant to USCR 31.4. The evidence in *Pugh* was ad-

mitted for the purpose of establishing that the defendant was a battered woman and suffered fears common to battered women, which was relevant to her claim of self-defense. It was unnecessary for us in *Pugh* to determine "whether the 'battered woman syndrome' also raises an issue of insanity, mental illness, or mental incompetency, because the Supreme Court has specifically held [in *Smith v. State*, 247 Ga. 612 (277 SE2d 678) (1981)] that evidence of the battered woman syndrome is independently admissible in conjunction with a claim of self-defense." Id. at 395. In this case, we must decide whether the testimony excluded raised an issue within the contemplation of USCR 31.4.

OCGA § 16-3-21 (a) provides that "[a] person is justified in threatening or using force against another when and to the extent that he *reasonably believes* that such threat or force is necessary to defend himself . . . against such other's imminent use of unlawful force." (Emphasis supplied.) Although Cox relies upon *Daniels v. State*, 248 Ga. 591 (285 SE2d 516) (1981), in support of his assertion to the contrary, it is clear from *Daniels*, as well as from the statutory language, that when a claim of self-defense is raised, the defendant's actions must be measured against an objective standard of reasonableness. Id. at 592-593 (1). Cox concedes that shooting the dog was not reasonable when viewed objectively. Nonetheless, he asserts that the testimony excluded would have established that his actions were reasonable *for him*, given his developmental disability. The essence of this argument, however, is that Cox's diminished mental capacity altered his perceptions of reality so that they were unlike those experienced by a reasonable adult.

We note that the Diagnostic & Statistical Manual of Mental Disorders, 4th ed. (DSM-IV), published by the American Psychiatric Association, includes mental retardation among its definitive listings of mental disorders. The theory Cox sought to present may have been relevant; the trial court did not prevent Cox from arguing to the jury regarding his mental disability. We hold, however, that the evidence excluded is clearly within the purview of the issues addressed by USCR 31.4. Cox having failed to provide the notice required by the rule, the trial court did not err in excluding it.

*Judgment affirmed. McMurray, P. J., concurs. Pope, P. J., concurs specially.*

Pope, Presiding Judge, concurring specially.

I agree with the majority's conclusion in Division 2, but write separately to explain my reasons.

An act which would otherwise be a crime is justified (and therefore not a crime) if the actor reasonably believes the act is necessary to prevent harm to himself or another. The applicable standard is *ob-*

*jective* rather than subjective: are the circumstances sufficient to arouse the fears of a *reasonable* man that he or another is in danger? See *Moore v. State*, 228 Ga. 662 (6) (187 SE2d 277) (1972); *McDonald v. State*, 182 Ga. App. 509 (1) (356 SE2d 264) (1987); *Coppola v. State*, 161 Ga. App. 517 (2) (288 SE2d 744) (1982). The external circumstance that the victim had attacked the actor on prior occasions is relevant to show the reasonableness of the actor's fears, see *Daniels v. State*, 248 Ga. 591 (1) (285 SE2d 516) (1981); but personal characteristics of the actor which may make him act unreasonably are not.

The defenses addressed by Uniform Superior Court Rule 31.4 — insanity, mental illness and mental incompetency — form a separate category of defenses based on diminished capacity rather than justification. In these situations an unjustified, criminal act has occurred, but the actor argues he should not be deemed fully culpable due to his mental disabilities. Evidence of mental capacity is clearly relevant in such cases, but notice pursuant to USCR 31.4 is required.

Even though evidence of "battered woman syndrome" includes testimony from mental health experts, it is a defense of justification rather than diminished capacity because it is based on prior attacks upon the actor by the victim and is thus relevant to the reasonableness of her fears. *Pugh v. State*, 191 Ga. App. 394 (382 SE2d 143) (1989). We therefore held in *Pugh* that the expert testimony was admissible as relevant to the justification defense, even though it would not have been admissible in support of a diminished responsibility defense due to failure to comply with USCR 31.4.

The *Pugh* analysis does not help defendant in this case, however. As the reasonableness standard for justification is purely objective and defendant's mental disability is not a circumstance which may be considered, evidence of defendant's disability is simply not relevant to a justification defense. It could have been relevant only to a defense based on diminished responsibility, but its use for this purpose is precluded by defendant's failure to comply with USCR 31.4. Accordingly, I agree that the trial court did not err in granting the State's motion in limine.

DECIDED JANUARY 6, 1995 —
RECONSIDERATION DENIED JANUARY 17, 1995 —

*Rosemary E. Myers*, for appellant.
*Kenneth W. Mauldin, Solicitor, Ralph W. Powell, Jr., Assistant Solicitor*, for appellee.