A96A2258. WESTBURY SQUARE TOWNHOUSES ASSOCIATION, INC. v. BRYAN.
(479 SE2d 190)

JOHNSON, Judge.

In this case of first impression, we must answer a question of

procedure under OCGA § 14-3-1604, which governs orders allowing members of nonprofit corporations access to corporate records. Westbury Square Townhouses Association, Inc., a nonprofit corporation, appeals from a superior court order directing it to allow Richard Bryan, one of its members, to inspect and copy certain corporate records, and to pay Bryan $500 in costs and attorney fees. We reverse and remand for further proceedings.

On Friday, April 19, 1996, Bryan hand-delivered a letter to Westbury Square, asking to be allowed to inspect and copy certain corporate records on or before April 26, at a time and place to be chosen by the corporation. Bryan requested records falling into two categories: (1) Records covered by OCGA § 14-3-1602 (a), which any member has a right to inspect and copy. See OCGA § 14-3-1602 (b), and (2) records covered by OCGA § 14-3-1602 (c), which a corporate member has a right to inspect and copy after making a request meeting criteria set out in OCGA § 14-3-1602 (d). See id.

A member's right to inspect and copy records in both categories may be exercised at a "reasonable" time and location, specified by the corporation, if the member gives the corporation written notice "at least five business days before the date on which the member wishes to inspect and copy." OCGA § 14-3-1604 (b), (c).

Westbury Square did not respond to Bryan's request in any way. Bryan's lawyer claims he tried to reach Westbury Square's attorney by phone several times on April 29 and April 30, but could not reach her; and that at about 1:30 p.m. on April 30, he left her a message that he planned to appear in superior court that same day at 4:00 p.m. to seek an order allowing Bryan access to the records. Bryan does not allege that he had any urgent need to inspect the records.

Westbury Square's lawyers state that after they received a phone message on the afternoon of April 30 concerning the court appearance, one of them called the trial judge's law clerk at about 3:15 p.m. The law clerk called back at 3:30 p.m. and said that someone had called about presenting a proposed order at 4:00 p.m., but that she was unaware of any case having been filed. The lawyer advised the law clerk that he would appear if it was "necessary," and would also be available for a conference call. Westbury Square's lawyer heard nothing else that day from the court.

That afternoon, Bryan's lawyer filed an application for an order allowing Bryan to inspect and copy the records, and for costs and attorney fees. This procedure is authorized by OCGA § 14-3-1604, which is based on the corresponding statute in the Georgia Business Corporation Code, OCGA § 14-2-1604, which in turn is based on § 16.04 of the Model Business Corporation Act. See Code Revision Committee comments to OCGA §§ 14-3-101 and 14-2-1604. OCGA § 14-3-1604 (a) provides that a superior court may "summarily" issue

an order for access to records covered by OCGA § 14-3-1602 (a). The superior court is directed by OCGA § 14-3-1604 (b) to dispose of an application for access to records covered by OCGA § 14-3-1602 (c) "on an expedited basis." If the court orders inspection and copying of the requested records, then OCGA § 14-3-1604 (c) requires it to award costs and reasonable attorney fees as well, unless the corporation proves it had a reasonable basis for doubting the member's right to inspect the records.

After filing the application on April 30, Bryan's lawyer presented a proposed order to the trial judge, which she signed the same day. Westbury Square was not served beforehand, and did not receive a copy of the application or the proposed order until after the order was entered. On May 2, Westbury Square filed a motion for reconsideration in the trial court, which was still pending when this appeal was docketed.

1. Bryan contends the appeal is premature because the motion for reconsideration is still pending. This contention is without merit. The lower court's order is appealable because it is a final ruling on the merits of the action, leaving no issues pending below. See *Spring-U Bonding Co. v. State of Ga.*, 200 Ga. App. 533 (408 SE2d 831) (1991). A motion to reconsider does not extend the time for filing a notice of appeal. *Precise v. City of Rossville*, 196 Ga. App. 870, 871-872 (1) (397 SE2d 133) (1990).

2. Westbury Square alleges that the proceedings in the lower court violated its due process rights under the United States and Georgia Constitutions. We agree. Though the legislature, in the statutes here at issue, articulated a strong and clear public policy favoring a member's right to inspect and copy corporate records, that right must be exercised in a manner that comports with due process.

(a) An appellate court should avoid a constitutional question if a case can instead be decided by reference to legislation. *Hill v. Busbia*, 217 Ga. 781, 782 (125 SE2d 34) (1962). Before reaching the due process issue, we must therefore first consider whether the proceedings in the lower court violated OCGA § 14-3-1604. This statute does not specify the form, content, or timing of notice that must be provided to a corporation before it can be ordered to permit access to its records or to pay costs and attorney fees. Nor have we been able to find any cases establishing what notice is required under the statute, under the similar OCGA § 14-2-1604 (which applies to for-profit corporations), or under other states' adaptations of § 16.04 of the Model Business Corporation Act.

(b) We have also looked for guidance to other Georgia proceedings characterized as "summary" or "expedited" to see what notice they require. This search has also been inconclusive. For instance, dispossessory proceedings are often characterized as "summary," and

the statutes governing them provide for service of process, a seven-day answer period, and the right to a trial, which the court shall attempt to "expedite." OCGA §§ 44-7-51; 44-7-53. In other contexts, however, "summarily" is used to describe an ex parte order issued with little or no notice to the party adversely affected. See, e.g., OCGA § 43-39-13 (a) (1), (2), authorizing the State Board of Examiners of Psychologists in some circumstances to suspend a psychologist's license "summarily . . . and thereafter enter a final order upon proper notice, hearing, and proof." We note that in the latter example, the ex parte order is only temporary; final disposition of the controversy awaits fair notice and a subsequent hearing. By contrast, an order under OCGA § 14-3-1604 ends the dispute before the court.

(c) In giving meaning to "summarily" and "expedited" as used in OCGA § 14-3-1604, we must bear in mind that if a statute is susceptible of more than one construction, it should be construed so as to render it constitutional if possible. *Garner v. Harrison*, 260 Ga. 866, 869 (2) (400 SE2d 925) (1991); *Busbia*, supra. Though this reasoning requires us to consider questions of due process, in doing so we do not invade the exclusive jurisdiction of the Georgia Supreme Court over cases in which a statute has been alleged to be unconstitutional. See Ga. Const. of 1983, Art. VI, Sec. VI, Par. II. Westbury Square does not contend that OCGA § 14-3-1604 is unconstitutional as written, merely that the particular procedures used in this case were improper. In deciding whether the *statute* allows the challenged procedures, we must decide what the statute means, and in doing so must try to avoid giving the statute an invalid meaning.

(d) "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. (Cits.) The notice must be of such nature as reasonably to convey the required information, [*Grannis v. Ordean*, 234 U. S. 385 (34 SC 779, 58 LE 1363) (1914)], and it must afford a reasonable time for those interested to make their appearance." (Punctuation omitted.) *Atlanta Janitorial Svc. v. Jackson*, 182 Ga. App. 155, 157 (1) (355 SE2d 93) (1987), citing *Mullane v. Central Hanover Bank &c. Co.*, 339 U. S. 306, 314-315 (70 SC 652, 94 LE 865) (1950). In *Grannis*, notice was held sufficient when it contained "notice of the commencement of the action and of its purpose, and [a] warning to appear and answer . . . and . . . a brief description of the property sought to be divided." (Citation omitted.) 234 U. S. at 397 (58 LE at 1370).

There are several possible grounds upon which a corporation might challenge a demand such as Bryan's for records, costs, and attorney fees. No records need be provided if any of the following

defenses apply: (1) The person demanding the records is not a member of the corporation; (2) the person demanding the records did not appear at a reasonable time and place, specified by the corporation, to inspect and copy them; (3) the demand for the records did not allow at least five business days for their production; (4) the demand was not properly delivered to the corporation; (5) the demanded records are not among those the statute requires to be kept and produced; and (6) the person demanding the records refused to pay a reasonable copying charge. See OCGA §§ 14-3-1602 (a) and (b); 14-3-1603 (c). The following additional defenses are available against a demand for records under OCGA § 14-3-1602 (c) and (d): (1) The demand is not made in good faith, or for a proper purpose that is reasonably related to the legitimate interest as a member of the person making the demand; (2) the demanded records were not described with reasonable particularity; (3) the demanded records are not directly connected with the member's stated purpose; and (4) the demanded records will be used for some purpose not stated by the member. See id. Finally, even if the corporation is ordered to produce all the demanded records, it may still have the following defenses to the request for costs and attorney fees: (1) It refused inspection in good faith because it had a reasonable basis for doubting the member's right to the records; and (2) the amount of costs and fees requested is not reasonable. See OCGA § 14-3-1604 (c).

None of these defenses may be asserted, however, if the corporation is not given a reasonable opportunity to prepare and present them. Because due process requires a procedure that provides such an opportunity, and the statute does not specify a procedure to be used, the courts must adopt a valid procedure. We suggest the following procedure as being the simplest and most expeditious that complies with due process: (1) A corporate member aggrieved by a corporation's refusal of, or failure to respond to, a demand for inspection and copying of records may file an application with the superior court for an order requiring access and awarding costs and attorney fees; (2) the application shall be served on the corporation pursuant to OCGA § 9-11-4; and (3) the court shall expedite a hearing on the matter, as the statute requires, and the hearing may be set by rule nisi. The corporation will not have the right to a jury trial because such would be inconsistent with the statutory scheme and the policy of expediting the matter.

The drafters of the Model Business Corporation Act contemplated that a more expedited procedure would be available under subsection (a) of its § 16.04 than under subsection (b). See 16-62 Model Business Corporation Act Annotated (3d ed.), § 16.04 Official Comment (Prentice Hall Law & Business 1995). While we do not require a more expedited procedure under OCGA § 14-3-1604 (a)

than under OCGA § 14-3-1604 (b), a superior court should bear in mind when setting its schedule that a hearing under subsection (a) will usually present issues that are fewer and simpler than a hearing under subsection (b).

A corporation acts at its peril when it attempts to deny its members information they are lawfully due. Our holding is not intended to frustrate or restrict a member's statutory right of prompt access to corporate records. Rather, we intend to facilitate the exercise of this right, and the sanctioning of those who would flout it, within the most minimal procedural framework consistent with due process.

The trial court's order is vacated, and the case is remanded for a new hearing to be conducted under procedures consistent with the suggestions set out in this opinion.

3. Bryan's motion to sanction Westbury Square for a frivolous appeal is denied.

*Judgment reversed and case remanded for further proceedings. McMurray, P. J., concurs. Ruffin, J., concurs in judgment only.*

DECIDED DECEMBER 9, 1996.

*Weissman, Nowack, Curry & Zaleon, Charles B. Waters, Jr.,* for appellant.

*William G. Leonard,* for appellee.

