A03A1518. SAVAGE v. THE STATE.
(587 SE2d 294)

MILLER, Judge.

Tried by a jury, Tawanna Savage was convicted of violating various Henry County ordinances, including failing to restrain her dogs, creating a public nuisance, keeping a vicious animal, and failing to display a vaccination tag on one dog's collar. On two occasions, Savage's two Akita dogs went onto the neighbor's property and viciously

attacked dogs owned by the neighbor. This sequence of events gave rise to the convictions. Savage appeals, contending that (i) the accusation gave her insufficient notice, (ii) the "public nuisance" ordinance was unconstitutionally vague, and (iii) the court erred in commenting on the evidence, in not requiring a showing of intent, in not recusing itself in light of Savage's newly instituted federal civil suit against the judge, and in denying her motion for a directed verdict. We hold these enumerations to be without merit and affirm.

Construed in favor of the verdict, the evidence showed that Savage owned two Akita dogs that in November 2001 roamed onto the property of her next-door neighbor and viciously attacked that neighbor's dog known as Arnie. Only through striking the Akitas with gunfire did the attack end. The neighbor left a note in Savage's mailbox, informing her of the incident. Arnie died as a result of the wounds. The neighbor obtained a new dog named Scooter, which in June 2002 was similarly attacked by the same two dogs when they roamed into the neighbor's garage. An animal control officer impounded one of the Akitas since it was unrestrained and bore no tag showing rabies vaccination.

The Henry County solicitor-general filed an accusation against Savage, charging her with two counts of failing to keep her dogs under restraint, two counts of allowing her dogs to become a public nuisance, one count of failing to have her dog display a vaccination tag on its collar, and one count of keeping a vicious animal. Savage demurred to the accusation. The court denied the demurrer, holding the accusation sufficient and the relevant county ordinances valid. Just before trial, Savage apparently sued the presiding state court judge in federal court and moved in the state court criminal action to have the state court judge recused. Since no affidavit accompanied the motion, the court denied the motion to recuse. A jury trial resulted in Savage being convicted on all counts, which she now appeals.

1. Savage claims that the accusation gave her insufficient notice in two respects. She argues that (i) the two charges of failing to restrain her animals did not set forth the specific manner in which her animals were not restrained and (ii) the two charges of allowing her animals to become a public nuisance were too vague. To withstand a demurrer, a count in an accusation or indictment must sufficiently set out the crime charged so as to place the accused on notice of the issues to be decided and to allow the accused an opportunity to prepare her defense. *Raheem v. State*, 275 Ga. 87, 89 (2) (560 SE2d 680) (2002). The four counts at issue meet this standard.

Count 1 charges Savage "with the offense of FAILING TO KEEP ANIMAL UNDER RESTRAINT, for that the said TAWANNA SAVAGE . . . in the County and State aforesaid on November 12, 2001,

did then and there unlawfully fail to keep an animal, to wit: a dog, under restraint as defined by the Henry County Ordinance Code Section 3-4-2. . . ." Using the same language, Count 2 charges that Savage also committed this crime on June 11, 2002. Savage complains that the two charges did not specify in which way her dogs were not restrained. She points to the ordinance, which defines "Animal under restraint" as "(a) any animal secured by a leash or lead with a collar, or enclosed by way of a fence or other enclosure, or under the supervision of a responsible and competent person at least sixteen (16) years of age and obedient to the person's commands; (b) a dog being trained or hunted in conformance with the game laws of the state." Henry County Ordinance § 3-4-2. Savage argues that the accusation needed to set forth in which of these ways her dogs were not restrained under this ordinance.

This argument makes no sense. The listed ways in which an animal may be restrained are possible defenses, not possible violations. As found by the trial court, the two charges that Savage failed to keep her dogs under restraint necessarily meant that none of these restraints were present. We hold that the accusation was sufficient as to these two charges.

Count 3 charges Savage "with the offense of ALLOWING AN ANIMAL TO BECOME A PUBLIC NUISANCE, for the said TAWANNA SAVAGE . . . in the county aforesaid on November 12, 2001, did then and there unlawfully allow an animal to wit: a dog, to damage the property of another as defined in the Henry County Ordinance Code Section 3-4-2. . . ." Using the same language, Count 4 charges that Savage committed this crime on June 11, 2002, also. Savage complains that the ordinance identifies eight ways in which an animal may be a public nuisance (see Henry County Ordinance § 3-4-2) and that the counts fail to specify the way in which Savage's dogs were a public nuisance. This argument is belied by the language charging that Savage's dog "damage[d] the property of another . . . ," which is one of the eight specified ways. Id. Damage to the neighbor's dogs fell under the meaning of these counts.

The trial court did not err in denying the demurrer to the indictment.

2. Savage contends that the public nuisance ordinance was unconstitutionally vague in that the amount of damage to the property of another is not specified. She argues further that the ordinance as drafted can be broadly interpreted and that the State in fact punished her for the mere "ownership of her dogs by way of a nuisance theory."

To avoid unconstitutional vagueness, an ordinance must give a person of ordinary intelligence fair notice that her specific contemplated conduct is forbidden. *Hall v. State*, 268 Ga. 89, 92 (2) (485

SE2d 755) (1997); *Hubbard v. State*, 256 Ga. 637 (352 SE2d 383) (1987). Here the definition of public nuisance (allowing an animal to damage the property of others) is sufficiently clear as to the scope of the forbidden conduct. There is no constitutional requirement that the damage be valued at a particular dollar amount. We examine the statute in light of the facts of the case at hand (see *Hall*, supra, 268 Ga. at 91 (1)) and hold that dogs that go onto neighboring properties and viciously attack another's animals (resulting in severe harm to those animals) clearly are "public nuisances" under the challenged ordinance, which as worded gave sufficient notice to a person of ordinary intelligence of this forbidden conduct.

3. Three of Savage's enumerations arise out of Savage's contention that the State was required to show intent to establish a violation of the ordinances at issue. She argues that absent evidence of intent, the evidence was insufficient to sustain the convictions, the court erred in instructing the jury that the laws were strict liability offenses, and the court erred in rejecting Savage's request for an instruction that intent was necessary.

Statutes which are primarily safety statutes may legitimately impose strict criminal liability for the inherently dangerous acts therein prohibited. See *Queen v. State*, 189 Ga. App. 161, 163 (1) (c) (375 SE2d 287) (1988). For example, motor vehicle safety statutes can be violated and enforced of necessity through criminal sanctions without a showing of mens rea or guilty knowledge on the part of the violator. Id.; compare *Jackson v. State*, 205 Ga. App. 513, 514 (3) (422 SE2d 673) (1992) (must show specific intent to distribute to prove violation of law prohibiting possession of cocaine with intent to distribute). Similarly, "malice, wilfulness, and intent are not elements of [the criminal offense of] cruelty to animals." (Citations omitted.) *Nel v. State*, 252 Ga. App. 761, 766 (7) (557 SE2d 44) (2001). Thus, *Miller v. State*, 179 Ga. App. 217, 218 (1) (345 SE2d 909) (1986), upheld the conviction of the defendant for cruelty to animals even though the State showed no intent on the part of the defendant to harm the neighboring dog that was attacked and killed by his dogs who were roaming freely. "The fact that [the neighbor's] dog was killed without malice or intent on appellant's part is immaterial, as malice and intent are not elements of the offense of cruelty to animals." Id. at 218 (1).

The ordinances here prohibited a dog owner (i) from failing to keep her animal under restraint, (ii) from failing to display on the animal's collar a current vaccination tag, (iii) from allowing her animal to become a public nuisance, and (iv) from keeping a vicious animal. Henry County Ordinance § 3-4-7 (2), (3), (5), (8). A violation could result in a fine not to exceed $1,000 and/or imprisonment in the county jail for a term not to exceed 60 days. Henry County Ordinance

§ 3-4-8. We hold that similar to the cruelty to animal statute (OCGA § 16-12-4), these county ordinances were primarily safety in nature and did not require a showing of malice or intent to prove a violation. Accordingly, Savage's three related enumerations of error fail. We hold further that the evidence described above sufficed to sustain the convictions and that therefore the court did not err in denying Savage's motion for a directed verdict.

4. Savage claims that in violation of OCGA § 17-8-57, the court commented on the evidence when it responded to a jury question that asked whether Savage's dog (which did not have the rabies vaccination tag on its collar) was vaccinated against rabies. Reminding the jury that it could not comment on the evidence nor express any opinion about what the evidence had or had not shown, the court did tell the jury: "I think it would be appropriate for the Court to point out that the question, or the answer to that question is not an element of any of the offenses in front of you." We discern nothing inappropriate about the court's statement. It was not a comment on the evidence but was a correct and responsive legal instruction about the elements of the offenses being considered.

5. Savage claims the court erred in denying her motion to recuse, which sought recusal of the judge on the ground that Savage had recently sued the judge in a federal civil action arising out of the judge's actions in this case. Contrary to the requirements of Uniform State Court Rule 25.1, no affidavit accompanied the unsworn, one-paragraph motion to recuse. "The absence of the affidavit was fatal since an affidavit in support of a motion to recuse is essential to activate this procedure. Appellant's motion being unsupported, the trial court did not err in denying it." (Citation and punctuation omitted.) *Quarterman v. Mem. Med. Center*, 176 Ga. App. 92 (1) (335 SE2d 589) (1985); see *Precise v. City of Rossville*, 196 Ga. App. 870, 871 (1) (397 SE2d 133) (1990), aff'd, 261 Ga. 210 (403 SE2d 47) (1991); *Wages v. State*, 165 Ga. App. 587 (1) (302 SE2d 112) (1983).

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED SEPTEMBER 11, 2003 — ▇▇▇▇▇▇▇

*Benjamin A. Davis, Jr.*, for appellant.
*Charles A. Spahos, Solicitor-General, Gilbert A. Crosby, Assistant Solicitor-General*, for appellee.