**THIRD DIVISION**
**DOYLE, P. J.,**
**GOBEIL, J., and SENIOR JUDGE FULLER**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**March 1, 2024**

# In the Court of Appeals of Georgia

A23A1726.  CARDEA  CORPORATE  HOLDINGS,  INC.  v.
    LAROCCO.

GOBEIL, Judge.

Cardea Corporate Holdings, Inc. ("Cardea") appeals from the superior court's order granting Carolyn LaRocco the right to inspect its corporate books and ordering Cardea to pay costs. Cardea argues that the superior court erred in granting LaRocco's application to compel inspection before giving it an opportunity to respond. For the reasons set forth below, we vacate and remand for further proceedings not inconsistent with this opinion.

In December 2020, LaRocco, a wealth management advisor and investment consultant, joined Cardea Capital Group, Inc. ("CCG"), an entity affiliated with Cardea, as its president. She later became CCG's CEO and was appointed to serve on

CCG's board of directors. As part of her offer to join CCG, LaRocco was issued shares in Cardea.

After some discord between LaRocco and Cardea, in February 2023, CCG terminated her employment. On March 3, 2023, LaRocco sent a demand letter requesting inspection of Cardea's corporate records pursuant to OCGA § 14-2-1602(a) and (c),[1] but the letter was sent to a person unauthorized to receive service. On March 6, 2023, LaRocco sent a second demand letter to Cardea's registered agent requesting inspection of the corporate records. Also, on March 10, 2023, LaRocco filed a verified complaint in Cobb County against Cardea, CCG, and various other

---

[1] OCGA § 14-2-1602 provides, in pertinent part:
(b) A shareholder of a corporation is entitled to inspect and copy, during regular business hours at the corporation's principal office, any of the records of the corporation described in subsection (a) of this Code section if he gives the corporation written notice of his demand at least five business days before the date on which he wishes to inspect and copy.
(c) A shareholder of a corporation is entitled to inspect and copy, during regular business hours at a reasonable location specified by the corporation, any of the following records of the corporation if the shareholder meets the requirements of subsection (d) of this Code section and gives the corporation written notice of his demand at least five business days before the date on which he wishes to inspect and copy[.]

affiliated entities ("the Cardea defendants"), asserting claims for, inter alia, unpaid compensation/breach of contract, unjust enrichment, conversion, defamation, and tortious interference with business and/or contractual relations. Cardea's board of directors subsequently adopted a resolution on March 13, 2023 forfeiting the shares issued to LaRocco as part of her employment with CCG.[2]

After her demand for inspection went unanswered, on March 29, 2023, LaRocco filed an application to compel inspection of corporate records pursuant to OCGA § 14-2-1604 in the Bibb County superior court.[3] That same day, the clerk of

_____

[2] LaRocco also filed a separate declaratory judgment action, seeking to invalidate the resolution forfeiting her shares. That case remained pending at the time of this appeal.

[3] OCGA § 14-2-1604 provides, in pertinent part:
(a) If a corporation does not allow a shareholder who complies with subsection (b) of Code Section 14-2-1602 to inspect and copy any records required by that subsection to be available for inspection, the superior court of the county where the corporation's registered office is located may summarily order inspection and copying of the records demanded at the corporation's expense upon application of the shareholder.
(b) If a corporation does not within a reasonable time allow a shareholder to inspect and copy any other record, the shareholder who complies with subsections (c) and (d) of Code Section 14-2-1602 may apply to the superior court in the county where the corporation's registered office is located for an order to permit inspection and copying of the records demanded. The court shall dispose of an application under this

3

court issued a summons, and Cardea was served with the summons and application on March 30, 2023.[4] On April 21, 2023, 22 days after service of the summons and without a hearing, the superior court granted LaRocco's application and ordered Cardea to pay costs. Cardea subsequently answered the application on May 1, 2023,[5] asserting, inter alia, that LaRocco lacked standing and is not a shareholder authorized to seek inspection. Cardea then filed this appeal.

In related enumerations of error, Cardea argues that the superior court violated its due process rights by denying it the right to respond to the application and erred in ruling on LaRocco's application before the response deadline set forth in the summons. Pretermitting whether the superior court erred in ruling before Cardea's 30-day deadline to file an answer, it did violate Cardea's due process rights by doing so without affording Cardea a right to be heard or otherwise prove its defenses.

---

subsection on an expedited basis.

[4] The summons stated that Cardea had 30 days to answer the application and if it failed to do so, the superior court would enter default judgment in favor of LaRocco.

[5] Cardea explains that May 1, 2023 was its deadline for responding to the application because it was the first week day following the weekend expiration of the summons' 30-day deadline.

In her application, LaRocco sought corporate documents under both subsections (a) and (c) of OCGA § 14-2-1602. If a corporation does not allow a shareholder who complies with subsection (b) of OCGA § 14-2-1602 to inspect and copy any records required by OCGA §14-2-1602 (a) to be available for inspection, a superior court may "summarily" order access to such records.[6] With respect to

---

[6] Pursuant to OCGA §14-2-1602 (a), a corporation shall keep a copy of the following records:
> (1) Its articles or restated articles of incorporation and all amendments to them currently in effect;
> (2) Its bylaws or restated bylaws and all amendments to them currently in effect;
> (3) Resolutions adopted by either its shareholders or board of directors increasing or decreasing the number of directors, the classification of directors, if any, and the names and residence addresses of all members of the board of directors;
> (4) Resolutions adopted by its board of directors creating one or more classes or series of shares, and fixing their relative rights, preferences, and limitations, if shares issued pursuant to those resolutions are outstanding and any resolutions adopted by the board of directors that affect the size of the board of directors;
> (5) The minutes of all shareholders' meetings, executed waivers of notice of meetings, and executed consents, delivered in writing or by electronic transmission, evidencing all action taken by shareholders without a meeting, for the past three years;
> (6) All communications in writing or by electronic transmission to shareholders generally within the past three years, including the financial statements furnished for the past three years under Code Section 14-2-1620;
> (7) A list of the names and business addresses of its current directors and

5

records requested pursuant to OCGA §14-2-1602 (c),[7] the superior court is directed

by OCGA § 14-2-1604 (b) to dispose of such application "on an expedited basis."

OCGA § 14-2-1604, however, does not specify the form, content, or timing of notice

that must be provided to a corporation before it can be ordered to permit access to its

records or to pay costs and attorney fees. Further, we lack case law directly addressing

the due process requirements for a corporation to respond to an application pursuant

to OCGA § 14-2-1604. Nonetheless, the statute allows the superior court to order

---

officers; and (8) Its most recent annual registration delivered to the Secretary of State under Code Section 14-2-1622.

[7] OCGA §14-2-1602(c) provides:
A shareholder of a corporation is entitled to inspect and copy, during regular business hours at a reasonable location specified by the corporation, any of the following records of the corporation if the shareholder meets the requirements of subsection (d) of this Code section and gives the corporation written notice of his demand at least five business days before the date on which he wishes to inspect and copy: (1) Excerpts from minutes of any meeting of the board of directors, records of any action of a committee of the board of directors while acting in place of the board of directors on behalf of the corporation, minutes of any meeting of the shareholders, and records of action taken by the shareholders or board of directors without a meeting, to the extent not subject to inspection under subsection (a) of this Code section; (2) Accounting records of the corporation; and (3) The record of shareholders.

production of subsection (a) corporate documents to a shareholder who has given five days written notice of the date on which the shareholder wishes to inspect and copy, and of subsection (c) corporate documents to a "shareholder" who meets the four requirements of subsection (d).[8] These statutory requirements necessitate some form of evidentiary showing on the part of the applicant as to shareholder status, the making of a written demand, and depending on the documents requested, whether the demand was made in good faith and for a proper purpose; they further contemplate potential defenses to production and to the payment of costs by the respondent corporation.[9] Here, the application was not verified and the trial court had received

---

[8] Pursuant to OCGA § 14-2-1602 (d) "[a] shareholder may inspect and copy the records described in subsection (c) of this Code section only if: (1) His demand is made in good faith and for a proper purpose that is reasonably relevant to his legitimate interest as a shareholder; (2) He describes with reasonable particularity his purpose and the records he desires to inspect; (3) The records are directly connected with his purpose; and (4) The records are to be used only for the stated purpose."

[9] "If the court orders inspection and copying of the records demanded, it shall also order the corporation to pay the shareholder's costs (including reasonable attorneys' fees) incurred to obtain the order *unless* the corporation proves that it refused inspection in good faith because it had a reasonable basis for doubt about the right of the shareholder to inspect the records demanded." OCGA § 14-2-1604(c) (emphasis supplied).

nothing from Cardea at the time it ruled. As a result, the superior court could not have properly determined whether the statutory requirements for production were met.

Furthermore, in *Westbury Square Townhouses Assn. v. Bryan*, 223 Ga. App. 885, 887-890 (2) (479 SE2d 190) (1996) (physical precedent only), this Court did interpret the due process requirements of a virtually identical statute (OCGA § 14-3-1604) and we find its reasoning applicable here. Like OCGA § 14-2-1604, OCGA § 14-3-1604[10] (which applies to non-profit corporations and contains almost identical language to OCGA § 14-2-1604) does not specify the form, content, or timing of notice that must be provided to a corporation. In *Westbury Square,* this Court analyzed the due process requirements for OCGA § 14-3-1604. 223 Ga. App. at 887-890 (2). In *Westbury Square*, this Court found that even though the statute provides that the superior court

---

[10] OCGA § 14-3-1604 provides, in pertinent part:
(a) If a corporation does not allow a member who complies with subsection (b) of Code Section 14-3-1602 to inspect and copy any records required by that subsection to be available for inspection, the superior court may summarily order inspection and copying of the records demanded at the corporation's expense upon application of the member.
(b) If a corporation does not within a reasonable time allow a member to inspect and copy any other record, the member who complies with subsections (b) and (c) of Code Section 14-3-1602 may apply to the superior court for an order to permit inspection and copying of the records demanded. The court shall dispose of an application under this subsection on an expedited basis.

can "summarily" order an inspection or dispose of an application on an "expedited basis," a non-profit corporation must be "given a reasonable opportunity to prepare and present" potential defenses against a demand for records. Id. at 889 (2) (d). The *Westbury Square* Court set forth the following as what it found to be the most expeditious procedure that complies with due process:

> (1) A corporate member aggrieved by a corporation's refusal of, or failure to respond to, a demand for inspection and copying of records may file an application with the superior court for an order requiring access and awarding costs and attorney fees; (2) the application shall be served on the corporation pursuant to OCGA § 9-11-4; and (3) the court shall expedite a hearing on the matter, as the statute requires, and the hearing may be set by rule nisi.

Id.

Because the rights and the statutory language are virtually identical,[11] we find no reason to consider the due process requirements under OCGA § 14-2-1604 for a for-profit corporation differently from those under OCGA § 14-3-1604 for a non-profit corporation. Accordingly, we find that prior to the court ordering production of the records and payment of costs, Cardea was entitled to a reasonable opportunity to

---

[11] This Court has noted that "shareholders of for-profit corporations have virtually identical statutory inspection rights" as members a non-profit corporation. *Parker v. Clary Lakes Recreation Assn.*, 243 Ga. App. 681, 683 (534 SE2d 154) (2000).

prepare and present potential defenses against LaRocco's application.[12] The superior court's failure to do so was error. Thus, we vacate the grant of LaRocco's application to compel inspection of Cardea's corporate records and remand for further proceedings not inconsistent with this opinion.

*Judgment vacated and case remanded. Doyle, P. J., and Senior Judge C. Andrew Fuller concur.*

---

[12] As in *Westbury Square,* we remind the superior court that when setting its schedule that a hearing on subsection(a) corporate documents will usually present issues that are far simpler than one under subsection (c). 223 Ga. App. at 889-90.