## 26824.  AVERA v. THE STATE.

HAWES, Justice. William Hugh Avera was convicted of the murder of Donald Stickney and sentenced to imprisonment for the remainder of his natural life. He filed a motion for a new trial on the general grounds only, which was overruled, and he appealed to this court. He contends that the evidence upon which his conviction rests was wholly circumstantial and that it was insufficient to exclude every other reasonable hypothesis save the guilt of the accused. While the evidence was in conflict, the jury would have been authorized to find therefrom substantially the following facts: The deceased, Stickney, was a security guard with Armstrong Cork Company at its plant located on Broadway in Macon, Bibb County, Georgia. Armstrong employees, of whom the defendant was one, were on strike. On Sunday night, September 6, and early morning of September 7, 1970, the deceased was one of two guards stationed at the Broadway gate of the company's plant. Two union pickets were at the intersection of the driveway leading from Broadway to the plant, approximately 75 yards from the guardhouse which was located on the drive between the road and the plant. Between 5 and 5:30 a.m., and while it was not yet daylight, Stickney was seen to walk from the guardhouse along the driveway in the direction of Broadway where the two pickets were at that time either standing or seated on a concrete curbing in the middle of the drive. He was seen to shine his flashlight into the grass or weeds and bushes in the ditch adjacent to Broadway and to the drive, and simultaneously he was shot by someone crouching in the ditch. He died almost instantaneously from the wound thus inflicted and made no statement as to who shot him. The two pickets were unable to identify the person in the ditch, but did testify that he was wearing a light blue or white shirt. The 8-millimeter Mauser rifle from which the fatal slug was shown to have been fired was found in a field to the

rear of a business establishment across Broadway from the Armstrong Cork Company. The tracks were traced from that location through a field or area where beggar-lice and other weed growth were shown to be present, over a fence and through a sand pile or sandy area where widespread tracks, made as if by one in flight, were later observed by investigating officers. There was evidence that there was a heavy dew at about that time, and the grass and weeds in the area were wet therefrom. Not long after the shooting, the defendant appeared at the apartment of one Patsy Henderson where an all-night party was in progress. He had previously, with his wife, been in attendance at that party but had left late the preceding evening or earlier that morning. When he entered the apartment, he went directly to the bathroom and asked that Patsy Henderson come into the bathroom with him. At that time he appeared to be excited. His shirt, which was blue striped, and his pants were covered with beggar-lice, which she helped him pick off and flush down the toilet, and his shoes were damp and sandy. The lower part of his breeches legs were wet. He stated to her that he had just shot "a security" at Armstrong and asked her to state to anyone who might inquire that he had been at her apartment all night long. The rifle from which the fatal slug was fired was shown to be the property of a person who had loaned the same to one of the strikers in whose automobile it had been while the same was parked in the vicinity of the Armstrong plant on the evening and early morning before the killing. The defendant was shown to have seen the rifle, or at least to have had an opportunity to see the rifle, in the car of his fellow striker. The defendant, in his sworn testimony, admitted his presence in the vicinity of the shooting and testified that he saw the guard shot and that when he did he ran from the scene taking a route through the field of beggar-lice, his explanation for his flight being that he did not want to have to testify as a witness to the shooting. He further testified that he did not tell

the witness, Patsy Henderson, that he shot the guard himself but merely that he had seen the shooting. There was evidence that the defendant and the deceased had engaged in an altercation and fisticuffs at one of the gates of Armstrong a few days prior to the shooting and that the deceased had chased the defendant from the premises of Armstrong on that occasion.

The testimony of Patsy Henderson as to the statements made to her by the defendant within a short while after the shooting occurred to the effect that he had shot the deceased was direct evidence of the fact, and thus the conviction does not rest wholly upon circumstantial evidence. *Eberhart v. State,* 47 Ga. 598, 609; *Perry v. State,* 110 Ga. 234, 238 (36 SE 781); *Greer v. State,* 159 Ga. 85, 94 (125 SE 52); *Strickland v. State,* 167 Ga. 452 (1) (145 SE 879); *Bowen v. State,* 181 Ga. 427, 429 (182 SE 510); *Fields v. State,* 221 Ga. 307, 309 (144 SE2d 339). The evidence was ample to show that the killing was murder and to identify the accused as the perpetrator of the crime, and the trial court did not err in overruling the motion for a new trial based solely on the general grounds.

*Judgment affirmed. All the Justices concur.*
SUBMITTED NOVEMBER 8, 1971—DECIDED JANUARY 19, 1972.

*Shepard & Berenthien, Virgil H. Shepard, Helen Berenthien,* for appellant.

*Jack J. Gautier, District Attorney, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, David L. G. King, Jr., Assistant Attorneys General,* for appellee.