S06A1684. LONERGAN v. THE STATE.
(641 SE2d 792)

HUNSTEIN, Presiding Justice.

Brian Lonergan was convicted of murder and related crimes in the August 2001 stabbing death of Josh Hadden.[1] For the reasons that follow, we affirm.

---

[2] Waldrip had also filed an application for interlocutory appeal which this Court granted.

[1] The crimes occurred on August 31, 2001. Lonergan was jointly indicted with his wife, Tammy Lonergan, by the Columbia County grand jury in the September 2001 term for malice murder, felony murder, possession of a knife during the commission of a crime, and second

The evidence presented at trial reflects that on the night of the crimes, Lonergan and the victim were traveling down Interstate 20 outside Augusta, Georgia when Lonergan, speeding and driving erratically, rear-ended the victim's car. Lonergan did not stop. The victim regained control of his car and followed Lonergan down the highway, flashing his lights. After the men pulled off the highway onto an exit ramp, the victim got out of his car with a long flashlight in his hand. Lonergan got out of his truck holding a knife and rushed at the victim who, after a brief struggle, was stabbed twice in the chest. Lonergan fled, but not before the victim struck him over the head with the flashlight. The victim died at the scene.

1. In his first enumeration of error, Lonergan contends that the evidence adduced at trial was insufficient to sustain the verdict. Specifically, Lonergan contends that the victim invited a violent confrontation by chasing Lonergan down the highway and exiting his car holding a flashlight; that such provocative actions caused Lonergan to become excited and passionate; and that, thus, the evidence supports a finding of voluntary manslaughter rather than malice murder.

The determination of whether a defendant's actions were committed with malice rather than under provocation is to be made by the jury in light of all the facts and circumstances. *Sutton v. State*, 264 Ga. 222 (1) (443 SE2d 481) (1994). Here, eyewitness testimony established that Lonergan was driving recklessly, emerged from his truck with a knife, and rushed at the victim, stabbing him. Based on such evidence, the jury, which had been charged on the elements of both malice murder and voluntary manslaughter, was authorized to conclude beyond a reasonable doubt that Lonergan was guilty of malice murder, as well as the other charged crimes. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Accordingly, this enumeration is without merit.

2. Lonergan contends that the trial court erred by admitting into evidence the prior audio-recorded statement of Jessica Hadden, the victim's wife. The audio recording was introduced by the State in response to defense counsel's attempts, on cross-examination of Ms. Hadden, to identify inconsistencies between her trial testimony and her recorded statement to police made shortly after the incident.

---

degree child cruelty. Lonergan was also indicted for first degree criminal damage to property, reckless driving, following too close, and failure to stop and return to the scene of an accident. A jury trial was held on October 7-11, 2002. Lonergan was convicted on all counts and sentenced to life plus seventeen years imprisonment. Lonergan filed a motion for new trial on January 24, 2003, which was denied on August 31, 2005. On September 8, 2005, Lonergan filed a timely notice of appeal. The appeal was docketed in this Court on June 7, 2006 and submitted for decision on the briefs.

Lonergan claims that, because Ms. Hadden had adequately explained the posited inconsistencies between her trial testimony and her statement to police, the State's introduction of the tape constituted improper bolstering of its witness. The transcript, however, reveals that Lonergan's counsel expressly agreed to the trial court's ruling made in response to Lonergan's objection to the admission of the recording.[2] Accordingly, Lonergan cannot now complain of that ruling. See *Earnest v. State*, 262 Ga. 494 (3) (422 SE2d 188) (1992) (acquiescence deprives appellant of right to complain later).

3. The trial court denied various motions for mistrial made on due process grounds arising out of the State's alleged failure to preserve potentially exculpatory evidence, in the form of blood residue on the flashlight with which the victim hit Lonergan after being stabbed. Lonergan's counsel stated in place that, just prior to trial, she had examined the flashlight and observed what appeared to be dried blood on the handle. Lonergan's counsel claimed, when the flashlight was proffered at trial, that the blood had been removed, though the District Attorney denied that it had been tampered with and maintained that the substance remained on the flashlight. Lonergan claims that, to the extent it could have been used to prove a mutual combat defense, the blood was potentially exculpatory evidence and the State's failure to preserve it warrants reversal.

The failure to preserve evidence will constitute a violation of due process only if the evidence in question was material and the State acted in bad faith in its failure to preserve it. *Walker v. State*, 264 Ga. 676 (3) (449 SE2d 845) (1994). Evidence is material if it "possess[es] an exculpatory value that was apparent before it was destroyed, and [is] of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means. [Cit.]" Id. at 680. Under this standard, the evidence in question was not material. The State never denied that the victim hit Lonergan in the head with the flashlight and indeed offered testimony that the victim struck Lonergan with such force that it knocked him to one knee. The blood would thus merely have been cumulative of other evidence on this undisputed fact. See *Hannah v. State*, 278 Ga. 195 (3) (595 SE2d 177) (2004). In addition, Lonergan presented no evidence suggestive of bad faith on the part of the State. For these reasons, this enumeration is without merit.

---

[2] When the State announced its intention to introduce the audio recording of Ms. Hadden's statement to police, Lonergan's counsel objected, and after a lengthy discussion outside the jury's presence, the trial court stated that if the tape was played, the defense would be permitted to reexamine Ms. Hadden and the State could then conduct redirect. The court then stated, "So it's your election as to whether you want to –," to which Lonergan's counsel responded, "Yes, Your Honor, that's fair."

4. In his final enumeration of error, Lonergan contends that the trial court erred by denying his motions for mistrial based on the presence at trial of a group of spectators wearing white ribbons. Lonergan argues that the ribbons were meant as a display of solidarity with the victim and his family and, as such, constituted a subtle attempt to influence the jury.

The trial court is vested with considerable discretion in its conduct of court proceedings. *Lemley v. State*, 245 Ga. 350 (3) (264 SE2d 881) (1980). Here, the trial court considered Lonergan's objections and resolved them by ruling that it would permit spectators to wear such insignia but would prohibit persons appearing as witnesses from doing so. The trial court did not abuse its discretion in so ruling. See, e.g., *Lemley v. State*, supra (no abuse of discretion where trial court prescribed location in courtroom where law enforcement spectators could sit but refused to limit number of officers present in courtroom). In addition, Lonergan has offered no evidence that any member of the jury saw the ribbons or attached any significance to them and thus has not shown any harm resulting therefrom. Accordingly, this enumeration is without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 26, 2007.

*Peter D. Johnson*, for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney, Thurbert E. Baker, Attorney General, Benjamin H. Pierman, Assistant Attorney General*, for appellee.