## S08A1720. BALLARD v. THE STATE.

(673 SE2d 213)

BENHAM, Justice.

Appellant Quincy Ballard appeals from the judgment of conviction entered on a jury verdict finding him guilty of malice murder and aggravated assault.[1] In his sole enumerated error, appellant contends he was not afforded his constitutional right to effective assistance of counsel. For the reasons stated below, we affirm.

1. On June 26, 2004, Quinton Kelley drove appellant to a Henry County private residence where alcohol and drugs were known to be sold.[2] Appellant entered the house and fatally shot Jeffrey Smith and twice shot Willie Moreland, seriously wounding him. Appellant ran out of the house, got back into the car with Kelley and drove away. Two eyewitnesses identified appellant as the shooter. The evidence adduced at trial was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of the malice murder of Jeffrey Smith and the aggravated assault of Willie Moreland. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Sometime after the shooting, Quinton Kelley was taken into custody in Atlanta and Henry County authorities drove him back to Henry County. During the ride, a tape player was recording Kelley's conversations with lead detective Barry Yarian. At trial, Yarian testified that he threw away the tape because it was of poor quality and because Kelley made untrue statements concerning his activities in Atlanta. Yarian also stated that the tape did not contain evidence concerning the charges against appellant. Kelley testified that he asked Yarian to destroy the tape because of the untrue statements he made. Appellant alleges his trial counsel was ineffective for failing to move to dismiss the indictment on the basis that his due process rights were violated when the tape, possibly containing exculpatory evidence, was destroyed.

In order to determine if a defendant's due process rights have been violated when the State fails to preserve evidence which may have exonerated the defendant, we consider whether the evidence was constitutionally material and whether the police acted in bad

---

[1] On October 26, 2004, the Henry County grand jury indicted appellant for malice murder, felony murder, and aggravated assault. On February 9, 2006, a jury convicted appellant on all charges. Appellant was sentenced to life in prison for the murder of Jeffrey Smith and 20 years (consecutive) for the aggravated assault of Willie Moreland. Appellant filed a motion for new trial on February 21, 2006, which was amended on October 19, 2007. The trial court heard the motion on February 29, 2008, and denied it on March 14, 2008. Appellant filed a timely notice of appeal on April 1, 2008 and the case was docketed in this Court on June 26, 2008. It was submitted for decision on the briefs.

[2] Appellant and Kelley went to the house twice that night. The facts of this case concern their second visit.

faith. *Walker v. State*, 264 Ga. 676, 680 (3) (449 SE2d 845) (1994). Evidence is constitutionally material when its exculpatory value is apparent before it was lost or destroyed and is of such a nature that a defendant would be unable to obtain other comparable evidence by other reasonably available means. Id.; *Lonergan v. State*, 281 Ga. 637 (3) (641 SE2d 792) (2007); *Brannan v. State*, 275 Ga. 70 (2) (c) (561 SE2d 414) (2002). The facts show that Kelley was not in the house and did not witness the shootings that resulted in the murder and aggravated assault charges against appellant. Thus, it was unlikely Kelley could provide any exculpatory evidence as to those charges. At trial, Kelley and Yarian were thoroughly questioned and cross-examined regarding the tape-recorded conversation. Yarian testified that the conversation he had with Kelley in the car had nothing to do with the charges against appellant and Kelley's testimony did not dispute that assertion. Based on these facts, it was not apparent that the tape recording of Kelley's conversation with Yarian was exculpatory at the time it was destroyed or contained information that appellant could not reasonably obtain otherwise and, as such, the tape was not constitutionally material evidence. Id. Because the tape was not constitutionally material, its destruction did not violate appellant's due process rights.

Paramount to prevailing on a claim of ineffective assistance of trial counsel is a showing that counsel's performance was deficient. *Pruitt v. State*, 282 Ga. 30, 34 (4) (644 SE2d 837) (2007). Because Yarian's destruction of the tape did not constitute a due process violation, trial counsel was not deficient in his performance when he did not move to dismiss the indictment on that basis. Accordingly, the trial court did not err.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 9, 2009.

*J. Scott Key*, for appellant.

*Tommy K. Floyd, District Attorney, Dandra G. Rivers, Assistant District Attorney, Thurbert E. Baker, Attorney General, Jason C. Fisher, Assistant Attorney General*, for appellee.