## A11A0111. EZEBUIRO v. THE STATE.
(707 SE2d 182)

BLACKWELL, Judge.

Chinwendu Ezebuiro was tried by jury in Hall County and convicted of robbery by intimidation in violation of OCGA § 16-8-40 (a) (2). Ezebuiro appeals from the judgment of conviction, asserting that the trial court erred when it allowed the victim — a 66-year-old woman who, at the time of the trial, apparently required the help of medical personnel to travel to the courthouse — to testify in rebuttal while seated on an ambulance gurney. Ezebuiro also appeals from her sentence, contending that the trial court did not follow the proper procedures when it required her to make restitution to the victim as a part of her sentence. We see no error and affirm.

Viewed in the light most favorable to the verdict,[1] the record shows that, in January 2009, the victim advertised for someone to help her with light housekeeping and errands. Ezebuiro responded to this advertisement, and the victim made arrangements to interview Ezebuiro. As a part of the interview, Ezebuiro accompanied the victim on her errands, and during the course of the day, Ezebuiro had an opportunity to observe that the victim carried significant amounts of cash in her car.

After the errands were finished, the victim told Ezebuiro that she would contact Ezebuiro later with a decision about the job. Ezebuiro then became agitated and demanded to be paid for the time she had spent that day with the victim. When the victim explained that she had no cash in her house, Ezebuiro and the victim went to the victim's car, where Ezebuiro grabbed the victim's arm, turned her around, hit her with the car door, and took $500 cash and $300 in money orders from the car before leaving the scene. The victim contacted law enforcement, and Ezebuiro eventually was arrested and charged with robbery by intimidation and battery of a person aged 65 years or older.

The trial took place over four days, and the evidence was presented on the second and third days.[2] The prosecutor called the victim as a witness on the first day of evidence, and because the

---

[1] *Cutrer v. State*, 287 Ga. 272, 274 (695 SE2d 597) (2010).

[2] A jury was selected, and opening statements were given, on the first day. Closing

victim typically used a wheelchair and apparently could not travel to the courthouse without assistance, the prosecutor's office made arrangements for a medical transport company to bring the victim and her wheelchair to the courthouse. The trial court permitted the victim to testify while seated in her wheelchair, and Ezebuiro did not object to the jury seeing the victim in a wheelchair.

While investigating the robbery with which Ezebuiro eventually was charged, police investigators interviewed the victim and made an audio recording of the interview. When Ezebuiro was afforded the opportunity to cross-examine the victim on the first day of evidence, her lawyer did not ask the victim about this interview. But the following day, her lawyer played a portion of the audio recording of the interview while examining an investigator. The prosecutor then decided to recall the victim as a rebuttal witness, so that the victim could explain statements that she made during the interview.

When the prosecutor decided to recall the victim in rebuttal, there was not enough time to make arrangements with the same medical transport company to bring the victim again to the courthouse in her wheelchair, and the prosecutor's office instead asked the Hall County Fire Department to transport the victim to court. Hall County Fire Department paramedics did so, but they could not transport the victim while she was seated in a wheelchair, so they instead brought the victim to court on a gurney. For reasons that are not clear from the record, the paramedics did not bring along the victim's wheelchair, so that she might be transferred from the gurney to the wheelchair upon her arrival at the courthouse.

The victim testified in rebuttal while seated on the gurney,[3] and Ezebuiro timely objected, claiming that the sight of the victim on a gurney would generate improper sympathy for the victim, perhaps imply that the condition of the victim was worsening, and in any event, prejudice Ezebuiro. The trial court overruled this objection, but it offered to explain to the jury why the victim was seated on a gurney, instead of her wheelchair. Ezebuiro objected, however, to the trial court giving the jury any such explanation.

After the victim testified, Ezebuiro moved for a mistrial. The trial court denied this motion, and the case was submitted to the jury, which returned a verdict of guilty on the robbery charge. The court

arguments and the final charge of the court were given on the fourth day.

[3] Ezebuiro requested that a photograph of the victim seated on the gurney — which presumably depicts how the victim appeared to the jury on the second day of trial — be made a part of the record, and the trial court agreed. We have reviewed this photograph, and we note that it depicts the victim seated upright on a gurney. A blanket covers the victim's legs, several pillows are located behind the victim for support, and she is holding a microphone in her lap. The photograph reveals no indications that the victim was in obvious pain, discomfort, or distress.

sentenced Ezebuiro to one year of imprisonment, followed by seven years of probation. As a special condition of her probation, the court ordered Ezebuiro to make restitution in the amount of $800. Ezebuiro now appeals her conviction and the requirement that she make restitution as a special condition of probation.

1. We turn first to the contention that the trial court erred when it permitted the victim to testify while seated on a gurney. It is well settled that a trial court is vested with "considerable discretion in its conduct of court proceedings." *Lonergan v. State*, 281 Ga. 637, 640 (4) (641 SE2d 792) (2007). This considerable discretion includes discretion to make reasonable accommodations for the comfort and care of witnesses with special needs. See *Williamson v. State*, 234 Ga. App. 658, 658-659 (2) (507 SE2d 765) (1998) (finding no abuse of discretion where trial court permitted grandmother to stand near nine-year-old victim of child molestation while he testified). Unless the trial court has abused its wide and considerable discretion, we will not interfere on appeal with the exercise of this discretion. See *Lemley v. State*, 245 Ga. 350, 353-354 (3) (264 SE2d 881) (1980). We see no abuse of discretion here.

Ezebuiro does not dispute that the victim required the assistance of medical personnel to travel to the courthouse, and we accept that the victim required such assistance. When the prosecutor recalled the victim as a rebuttal witness, the press of time did not allow the prosecutor's office to make arrangements with the medical transport company that previously had brought the victim to court in her wheelchair. The prosecutor's office instead relied on the local fire department to bring the victim to the courthouse, and the fire department transported her in the only way it apparently could, on a gurney. It would have been better, of course, if the fire department also had brought along her wheelchair — so that she could be transferred from the gurney to the wheelchair before she entered the courtroom — but it did not. And after Ezebuiro sought a mistrial, the prosecutor testified out of the presence of the jury and explained that she had nothing to do with the decision of the fire department to leave the wheelchair behind.

When the victim arrived in the courtroom on a gurney, late in the afternoon of the last day on which the jury would hear evidence, Ezebuiro objected and tried to force the trial court to choose between allowing the victim to testify from the gurney or disallowing her testimony altogether. Indeed, Ezebuiro presented the trial court with no other alternatives. Ezebuiro did not, for instance, inquire whether paramedics could safely move the victim to a chair or bench in the courtroom before she testified. Ezebuiro also did not ask for a continuance until the next day to allow the prosecutor's office an opportunity to bring the victim's wheelchair to court. See *Presley v.*

*State*, 285 Ga. 270, 274 (674 SE2d 909) (2009) (explaining in a different, but comparable context, that "[w]hen neither the defendant nor the State directs the court's attention to alternatives, there is no abuse of discretion in the [trial] court's failure to sua sponte advance its own alternatives"). And when the trial court offered to explain to the jury why the victim was seated on a gurney, Ezebuiro objected to any such explanation. In these circumstances, and given the limited choice to which Ezebuiro put the trial court, we do not think the trial court abused its wide discretion.

2. We also see no merit in the claim that the trial court erred when it required Ezebuiro to make restitution as a special condition of probation. Ezebuiro contends that the trial court failed to follow two procedural requirements for an award of restitution, namely the statutory requirement that the trial court hold a hearing on restitution when there is no agreement on the amount of restitution and a supposed requirement that the trial court enter written findings to justify the award of restitution. We conclude, however, that Ezebuiro has failed to preserve for our review any error with respect to the requirement of a hearing and that Georgia law no longer requires written findings on restitution.

(a) When a dispute exists about the appropriate amount of restitution, OCGA § 17-14-7 (b) calls for a restitution hearing:

> If the parties have not agreed on the amount of restitution prior to sentencing, the ordering authority shall set a date for a hearing to determine restitution. Any dispute as to the proper amount or type of restitution shall be resolved by the ordering authority by the preponderance of the evidence. The burden of demonstrating the amount of the loss sustained by a victim as a result of the offense shall be on the [S]tate. The burden of demonstrating the financial resources of the offender . . . and the financial needs of his or her dependents shall be on the offender. . . .

OCGA § 17-14-7 (b). Here, the trial court took up the issue of restitution as a part of its consideration of a proper sentence, immediately following the return of the guilty verdict. Ezebuiro was allowed to offer argument on the issue of restitution, and she did not object to the trial court proceeding to decide the issue of restitution at that time. Nor did she ask for a continuance, ask that a restitution hearing be set for a later date, or state that she had evidence to present on the question of restitution. For these reasons, she has waived any error in the decision of the trial court to decide the question of restitution as a part of the sentencing hearing, rather than in a separate and distinct hearing. See *Grant v. State*, 289 Ga.

App. 230, 236 (5) (656 SE2d 873) (2008) (appellate courts cannot consider questions not presented to or ruled upon by the trial court); *Hames v. State*, 280 Ga. App. 708, 708 (1) (634 SE2d 836) (2006) (failure to object to trial court's conduct of proceedings below waives appellate review of the issue).

(b) In *McCart v. State*, 289 Ga. App. 830 (658 SE2d 465) (2008), we held that, in light of an amendment of the restitution statutes in 2005, a trial court no longer is required, before awarding restitution, to make written findings of fact concerning the factors set out in OCGA § 17-14-10. 289 Ga. App. at 832 (1). Rather, the only requirement is that the restitution order be supported by a preponderance of the evidence. See id.; see also *Regent v. State*, 306 Ga. App. 616, 620 (3) (703 SE2d 81) (2010); OCGA § 17-14-7 (b). Here, the evidence adduced at trial shows that, in the course of the robbery with which Ezebuiro was charged, Ezebuiro took $500 cash and $300 in money orders from the car of the victim, so the evidence is sufficient to sustain the award of $800 restitution. See *Ingram v. State*, 262 Ga. App. 304, 308 (4) (c) (585 SE2d 211) (2003) ("In determining what sentence to impose upon a defendant, a trial court may consider any evidence that was properly admitted during the guilt-innocence phase of the trial.") (citation and emphasis omitted). That the trial court made no written findings on the question of restitution does not amount to reversible error. See *In the Interest of E. W.*, 290 Ga. App. 95, 96 (2) (658 SE2d 854) (2008).

*Judgment affirmed. Barnes, P. J., and Adams, J., concur.*

DECIDED MARCH 8, 2011 — 

*Benjamin A. Davis, Jr.,* for appellant.
*Lee Darragh, District Attorney, Juliet Aldridge, Assistant District Attorney,* for appellee.