### A11A2339. FUTCH v. THE STATE.
(723 SE2d 714)

MILLER, Judge.

Following a jury trial, Jefferson Futch was convicted of cruelty to animals (OCGA § 16-12-4 (b)). Futch filed a motion for new trial, which the trial court denied. On appeal, Futch contends that (1) the evidence was insufficient to support his conviction; (2) the trial court erred by failing to charge the jury that no criminal liability would attach where a person killed an animal to protect his person, property, or livestock; (3) the trial court's restitution award was erroneous because the trial court failed to follow certain procedural requirements, and because the State failed to establish the animal's fair market value; and (4) the trial court erred by denying him a supersedeas bond.[1] After a review of the applicable law and the record, we discern no error and affirm.

On appeal, this Court views the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt under the standard set

---

[1] We note that Futch's first enumeration of error sets forth more than one error, in violation of OCGA § 5-6-40. In our discretion, however, we elect to address all of his arguments. See *Thomas v. State*, 291 Ga. App. 795, 801 (4) (662 SE2d 849) (2008).

forth in *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) [(99 SC 2781, 61 LE2d 560)] (1979).

(Citation and punctuation omitted.) *Watson v. State*, 308 Ga. App. 871 (708 SE2d 703) (2011).

So viewed, the evidence shows that a Labrador retriever, belonging to Futch's neighbor, went missing one morning, and the neighbor was unable to find the dog. That evening, the neighbor spoke with Futch about an unrelated matter and asked Futch if he had seen the dog. Futch disclosed to the neighbor that he shot and killed the dog because he did not want the dog bothering his goats. Futch admitted to the neighbor, however, that the dog was not in the goats' pen and was simply barking at the goats. Futch was subsequently arrested and charged with cruelty to animals.

At trial, the neighbor testified that Futch had a reputation in the community for shooting and killing dogs. Several witnesses testified that Futch had admitted that he shot their dogs, and killed a few, because the dogs were allegedly threatening his goats. One witness specifically stated that when he went to retrieve the body of his dead dog from Futch's property, he saw the bodies of several other dogs in various stages of decay and was too overwhelmed by the stench of decay to even retrieve his dog.

In his defense, Futch and an eyewitness stated that Futch shot the dog that entered his property, which was allegedly not a Labrador retriever. Futch and the eyewitness also testified that Futch shot the dog when they were unable to scare it away and it tried to attack the goats in their pen. Following the presentation of the evidence, the jury found Futch guilty of cruelty to animals.

1. Futch contends that the evidence was insufficient to support his conviction, because the direct evidence in this case did not show that the dog he killed was the neighbor's Labrador retriever, and the evidence established that he killed the dog to protect himself and his goats. He also argues that his conviction rested solely on circumstantial evidence, which did not exclude every reasonable hypothesis except that of guilt. We disagree.

Pursuant to OCGA § 16-12-4 (b), a person can be held criminally responsible for cruelty to animals if he "causes death or unjustifiable physical pain or suffering to any animal by an act[.]" According to OCGA § 16-12-4 (f), a person is not prohibited from "[d]efending his or her person or property, or the person or property of another, from injury or damage being caused by an animal" or "[i]njuring or killing an animal reasonably believed to constitute a threat for injury or damage to any property, livestock, or poultry," so long as "[t]he method used to injure or kill such animal [was] designed to be as humane as is possible under the circumstances."

The evidence in this case, as set forth above, was sufficient to establish that Futch had killed his neighbor's dog without justification. Significantly, Futch had previously told the neighbor that he shot and killed his Labrador retriever because it had been barking at Futch's goats. These prior admissions were direct evidence that Futch killed the dog. See OCGA § 24-1-1 (3) (" 'Direct evidence' means evidence which immediately points to the question at issue."); *Avera v. State*, 228 Ga. 571, 573 (186 SE2d 867) (1972) (defendant's admission shortly after a shooting occurred "to the effect that he had shot the deceased was direct evidence of the fact, and thus the conviction does not rest wholly upon circumstantial evidence"); see also *Teal v. State*, 282 Ga. 319, 327 (3) (647 SE2d 15) (2007) ("A defendant's incriminating statement is admissible when it constitutes an admission against the defendant's penal interest because a defendant's declaration against penal interest is the admission of a party-opponent.") (citations, punctuation and emphasis omitted).

Moreover, contrary to Futch's assertion otherwise, the circumstantial evidence was sufficient to support the verdict. To support a conviction based on circumstantial evidence, the proven facts must be consistent with the hypothesis of guilt and exclude every other reasonable hypothesis save that of guilt. *Willis v. State*, 201 Ga. App. 182 (410 SE2d 377) (1991). The jury decides questions concerning the reasonableness of hypotheses, and where the jury is authorized to find that the evidence was sufficient to exclude every reasonable hypothesis except that of guilt, we will not disturb that finding unless the verdict of guilty is insupportable as a matter of law. *Smith v. State*, 309 Ga. App. 466, 468 (710 SE2d 654) (2011).

Notably, there was evidence that Futch had a proclivity to kill dogs on his property, Futch killed a dog around the time frame that the neighbor's Labrador retriever went missing, and the neighbor's Labrador retriever never expressed any aggressive behavior toward other animals. Notwithstanding the testimony of Futch and an eyewitness that the dog Futch killed was not a Labrador retriever and was threatening Futch's goats, the jury was entitled to reject this testimony, because it contradicted Futch's prior admissions to the neighbor. See *Alvin v. State*, 287 Ga. App. 350, 351 (651 SE2d 489) (2007) (providing that the jury is free to reject the testimony of the defendant where his testimony is inconsistent with other direct or circumstantial evidence). Further, given the above direct and circumstantial evidence, the jury was free to reject Futch's version of events and was authorized to find that it was not reasonable for Futch to believe that the dog constituted a threat for injury or damage to the goats. *Willis*, supra, 201 Ga. App. at 183 ("As to conflicting evidence and testimony, the weight of the evidence and credibility of witnesses are questions for the jury.") (citations and

punctuation omitted).

Consequently, the evidence was sufficient to sustain Futch's conviction for cruelty to animals.

2. Futch also contends that the trial court erred in charging the jury that no criminal liability would attach if he killed the dog in order to protect his livestock. Contrary to his contention, no error has been shown.

Here, the trial court charged the jury that "a person may defend his person or property or the person or property of another from injury or damage being caused by a dog or kill any dog causing injury or damage to any livestock or poultry." After the trial court charged the jury, Futch specifically stated that he had no objections. Since Futch failed to object to the relevant charge at trial, he has waived his right to appellate review unless he can establish plain error. See OCGA § 17-8-58 (a), (b); *Collier v. State*, 288 Ga. 756, 758-759 (4) (707 SE2d 102) (2011); *Fairwell v. State*, 311 Ga. App. 834, 838 (2) (717 SE2d 332) (2011). Plain error is that "which is obvious and affects the appellant's substantial rights and where exceptional circumstances make it necessary to avoid a clear miscarriage of justice." (Citations and punctuation omitted.) *Rogers v. State*, 247 Ga. App. 219, 227 (9) (543 SE2d 81) (2000).

We find no plain error here, because the trial court's charge on cruelty to animals, as a whole, was consistent with the language of OCGA § 16-12-4, and it adequately explained to the jury that a person was not prohibited from killing an animal if necessary to protect his person or property or that of another. Cf. *Corbin v. State*, 305 Ga. App. 768, 771 (2) (700 SE2d 868) (2010) ("The only requirement regarding jury charges is that the charges, as given, were correct statements of the law and, as a whole, would not mislead a jury of ordinary intelligence.") (citation and punctuation omitted).

3. Futch contends that the court erred with respect to its restitution order. Specifically, he argues that the trial court failed to hold a restitution hearing and enter written findings to justify the award, and that the State failed to prove the amount of damages awarded as restitution. We disagree.

(a) Futch's claims of procedural error are without merit. First, Futch waived any error with respect to the statutory requirements of a restitution hearing under OCGA § 17-14-7 (b). Significantly, at the sentencing hearing,

[Futch] was allowed to offer argument on the issue of restitution, and [he] did not object to the trial court pro-ceeding to decide the issue of restitution at that time. Nor did [he] ask for a continuance, ask that a restitution hearing

be set for a later date, or state that [he] had evidence to present on the question of restitution. For these reasons, [he] has waived any error in the decision of the trial court to decide the question of restitution as a part of the sentencing hearing, rather than in a separate and distinct hearing.

(Citations omitted.) *Ezebuiro v. State*, 308 Ga. App. 282, 285 (2) (a) (707 SE2d 182) (2011).

Second, based on an amendment to the restitution statutes in 2005, a trial court is no longer required to make written findings of fact concerning the factors to be considered in determining the restitution amount, as set forth in OCGA § 17-14-10. *Ezebuiro*, supra, 308 Ga. App. at 285 (2), 286 (2) (b). Consequently, the trial court's failure to enter written findings with respect to a restitution award is not reversible error. Id.

(b) Futch further argues that the State failed to establish that the fair market value of the dog was $3,000, which was the amount assessed as restitution by the trial court. When reviewing a restitution award, we must ascertain whether the restitution award was supported by the preponderance of the evidence. *McClure v. State*, 295 Ga. App. 465, 466 (673 SE2d 856) (2009). The State has the burden of demonstrating the amount of loss sustained by the victim as a result of the offense. OCGA § 17-14-7 (b). The restitution award shall not exceed the victim's damages, OCGA § 17-14-9; it must also be based upon fair market value, which must be determined exactly. *Hawthorne v. State*, 285 Ga. App. 196, 197 (1) (648 SE2d 387) (2007).

"Direct testimony as to market value is in the nature of opinion evidence." OCGA § 24-9-66.

Opinion evidence as to the value of an item, in order to have probative value, must be based upon a foundation that the witness has some knowledge, experience or familiarity with the value of the property in question or similar property and he must give reasons for the value assessed and also must have had an opportunity for forming a correct opinion.

(Citation and punctuation omitted.) *Mayfield v. State*, 307 Ga. App. 630, 633 (2) (c) (705 SE2d 717) (2011).

Futch contends that, under OCGA § 17-14-9, the neighbor's damages were limited to what the neighbor paid to obtain and train the dog, which, according to the neighbor's testimony, totaled $750. The neighbor's expenses, however, were not necessarily indicative of the dog's fair market value in this case. Significantly, the neighbor further developed the dog's hunting skills over the course of the dog's one-year life span; the neighbor regularly took the dog bird

hunting, where the dog would retrieve birds upon command. Moreover, the chairman of the Georgia Hunting and Fishing Federation opined that the fair market value of a one-year-old Labrador retriever that had been trained to hunt and retrieve would be between $3,000 and $5,000. The chairman explained that this figure was based upon having sold, purchased, owned, trained, and hunted with numerous Labrador retrievers for over 30 years, and having access to several magazines and catalogs that listed prices for trained Labrador retrievers. While Futch attempted to discredit the witness's valuation, "the weight to be given opinion evidence of market value is a matter for the factfinder." (Punctuation and footnote omitted.) *Rushing v. State*, 305 Ga. App. 629, 632 (2)-(3) (700 SE2d 620) (2010). Evidence of the witness's knowledge, experience, and familiarity with the value of Labrador retrievers trained to hunt created a basis for the value stated. See id. Consequently, the trial court did not err in assessing the value of the neighbor's Labrador retriever at $3,000.

4. Given our affirmance of Futch's conviction, his contention regarding the trial court's denial of his motion for a supersedeas bond is rendered moot. See *Davis v. State*, 164 Ga. App. 633, 636 (7) (298 SE2d 615) (1982); *Reid v. State*, 129 Ga. App. 367 (199 SE2d 674) (1973).

*Judgment affirmed. Ellington, C. J., and Doyle, P. J., concur.*

DECIDED FEBRUARY 22, 2012.

*Aleta D. Larger, William W. Turner III*, for appellant.
*Catherine H. Helms, District Attorney, Jennifer D. Hart, Assistant District Attorney*, for appellee.