**FIFTH DIVISION**
**REESE, P. J.,**
**MARKLE and COLVIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. https://www.gaappeals.us/rules**

***DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.***

**September 24, 2020**

# In the Court of Appeals of Georgia

A20A1478. TOWNSEND v. THE STATE.

MARKLE, Judge.

Following a jury trial, Quentin Townsend was convicted of three counts of theft by taking and one count of forgery in the first degree. He now appeals, arguing that the trial court erred in failing to merge his convictions, and that his order of restitution must be vacated. Although we affirm the trial court's order awarding restitution, and conclude that the convictions for theft by taking and forgery do not merge, for the reasons that follow, we vacate Townsend's convictions and sentences for theft by taking, and remand the case for the trial court to merge these convictions so that only one theft by taking conviction remains and resentence Townsend accordingly. On remand, the trial court must also correct a scrivener's error in the restitution order.

Viewing the evidence in the light most favorable to the verdict, *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979), the record shows that the two victims were interested in opportunities for ownership of minor league basketball teams.[1] An acquaintance suggested that they contact Townsend, who owned another minor league team with his wife. Ultimately, the victims met with Townsend and decided to invest money for an interest in an Atlanta team. The victims formed Jayhawk Development, LLC, to handle the business related to this investment. Not long after this initial collaboration, the victims decided they wanted to move to ownership of a team in a different minor league, the NBA D-League ("NBADL"), and they discussed the options with Townsend. Townsend told the victims that he knew people in the NBADL and that they needed to put together an application to submit to the league. Townsend told them that the fee to obtain a team license was $1 million, but that they would only have to put in $500,000 if they could get a major league team to sponsor them. Townsend then suggested that they put up a significant amount of funds as a show of good faith. For their 20 percent share of the team, the victims would need to offer $200,000.

---

[1] Townsend does not argue that the evidence was insufficient to convict him. Nevertheless, the evidence recounted above was sufficient to support Townsend's convictions for theft by taking and forgery. See OCGA §§ 16-8-2; 16-9-1 (a) (2008).

In January 2008, the victims gave Townsend $40,000 toward their ownership interest. Townsend told them that he was in contact with the NBADL and the Atlanta Spirit, the owners of the Atlanta Hawks, and he gave the victims a NBADL ownership application to complete. Townsend also showed them a letter that appeared to be from a member of the NBADL operations department setting out all of the financial obligations and the expected operating budget for ownership of a team.

Based on that letter, in February 2008, the victims gave Townsend another $60,000 toward their ownership interest in a NBADL team. However, they later learned that no major league team would sponsor them, and as a result, Townsend told the victims that they would need to proffer their share of the entire $1 million to show they were serious about bringing a NBADL team to Atlanta. In June 2008, the victims gave Townsend another $100,000.

Townsend's deception continued over the summer of 2008 when he told the victims that members of the NBADL leadership were coming to Atlanta and that he would be meeting with them to discuss the victims' NBADL application. In reality, the NBADL had never given Townsend approval to move forward with the process to obtain a NBADL team, and the purported letter from the operations manager that

Townsend showed the victims was fake. And, Townsend never actually submitted the victims' ownership application to the NBADL.

Eventually, the victims realized that Townsend was attempting to defraud them, and they contacted police and filed a civil suit against him. When he learned of the suit, Townsend agreed to reimburse the victims, and he signed a consent judgment in the civil case. Nevertheless, he failed to repay the money.

Based on this scam, Townsend was indicted for three counts of theft by taking and a single count of forgery arising from the fake NBADL letter. Following a trial, at which Townsend testified, the jury convicted him of all counts.

At sentencing, Townsend requested first offender status and the opportunity to make restitution, saying that he thought he could pay the victims back. The trial court sentenced Townsend to 10 years on each count, to run consecutively, with the first 10 years served in confinement. And it ordered Townsend to pay restitution to "Jayhawk Sports" in the amount of $200,000. Townsend now appeals.[2]

---

[2] Following his conviction, Townsend filed a motion for new trial, raising issues unrelated to those before us on appeal. Nevertheless, we may address the merger issue in the first instance regardless of whether it was raised in the trial court. *Jones v. State*, 354 Ga. App. 568, 575 (1) (c) (ii) (841 SE2d 112) (2020).

4

1. Townsend first argues that the trial court erred by failing to merge his convictions. Specifically, he contends that the forgery conviction (Count 4) merged into one of the theft by taking convictions (Count 2) as a matter of fact because the forgery was used to accomplish the theft. He also argues that the theft convictions in Counts 1 and 2 should merge because the dates on which the offenses occurred were not material elements in the indictment. We agree that the theft by taking convictions should merge, but conclude that the forgery conviction would not merge.

"Whether offenses merge is a legal question, which we review de novo." (Citation and punctuation omitted.) *Fordham v. State*, 352 Ga. App. 520, 526 (3) (835 SE2d 360) (2019).

a. *Forgery and Theft by Taking.*

To begin, we note that much of Townsend's argument is premised on the theory that he was convicted of theft by deception; but Townsend was not charged with – or convicted of – theft *by deception*. Instead, he was charged with and convicted of theft *by taking*.

In Count 2 of the indictment, Townsend was charged with taking over $500 from the victims on February 21, 2008. Count 4 charged that Townsend made or altered a letter allegedly sent by the NBADL.

5

Under OCGA § 16-1-6,

[a]n accused may be convicted of a crime included in a crime charged in the indictment or accusation. A crime is so included when: (1) It is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged; or (2) It differs from the crime charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission.

As we have explained,

[t]o answer the question of whether offenses merge, the Supreme Court of Georgia has adopted the "required evidence" test . . . . So, when determining whether convictions for multiple crimes merge for purposes of sentencing, the applicable rule is that when the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. Importantly, though, when one crime is completed before the other begins, there is no merger.

(Citations and punctuation omitted.) *Smith v. State*, __ Ga. App. __ (3) (842 SE2d 305, 311-312 (3)) (2020). In other words, "[t]wo offenses will merge as a matter of fact if one of them is established by proof of the same or less than all the facts

required to prove the other. The key question is whether the State 'used up' its evidence in proving the crime." (Citations and punctuation omitted.) *Branan v. State*, 285 Ga. App. 717, 720 (2) (b) (647 SE2d 606) (2007).

Here, forgery and theft by taking each require proof of a fact that the other does not. See *Cade v. State*, 262 Ga. App. 206, 208 (1) (b) (585 SE2d 172) (2003); cf. *Branan*, 285 Ga. App. at 720-721 (2) (b) (theft by taking and securities fraud did not merge because fraud required proof of fraudulent statement, but theft offense did not). To prove theft by taking, the State had to show that Townsend took money belonging to the victims with the intent to deprive them of that property. See OCGA § 16-8-2. And to prove forgery, the State had to show that Townsend made or possessed the letter written by another with the intent to defraud the victims and that he delivered that writing to the victims. OCGA § 16-9-1 (a) (2008). Each of these offenses requires proof that the other does not. Moreover, the two offenses involved different victims. See *Verdree v. State*, 299 Ga. App. 673, 684 (6) (b) (683 SE2d 632) (2009) (aggravated assault and armed robbery did not merge as a matter of fact where they involved different victims). As a result, there is no merit to Townsend's argument that these two offenses should merge.

b. *Theft by Taking convictions.*

With respect to his theft by taking convictions, Townsend argues that the offenses in Counts 1 and 2 merge because they involve the same crime committed on different dates, but the date was not made a material element. We are constrained to agree.[3]

> It is a longstanding principle of Georgia law that a date or range of dates alleged in an indictment, without more, is not a material allegation of the indictment, and, consequently, unless the indictment specifically states that the alleged dates are material, the State may prove that the alleged crime was committed on any date within the statute of limitation. Thus, such an averment of materiality is necessary to overcome a plea of double jeopardy to a subsequent charge of committing the same act on

---

[3] Although Townsend does not argue that his conviction for theft by taking in Count 3 would merge, we may address this issue sua sponte, and in doing so, we conclude that this count would merge as well for the same reasons. See *Jones*, 354 Ga. App. at 575 (1) (c) (ii). Notably, the only difference in the counts are the dates and the identification of the victims' company. In Counts 1 and 2, the indictment charges that the victims were doing business as ("d/b/a") Forte Data Systems, Inc. In Count 3, the same two individuals are named as victims d/b/a Jayhawk Development, LLC. This distinction does not prevent the counts from merging because a d/b/a designation is not a separate legal entity, but is merely a description of the corporation. See *American Express Travel Related Svcs. Co., Inc. v. Berlye*, 202 Ga. App. 358, 360 (1) (414 SE2d 499) (1991); see also *McConnell v. State*, 263 Ga. App. 686, 693 (7) (589 SE2d 271) (2003) (rejecting State's argument that offenses involved separate victims where indictment charged burglary for entering premises d/b/a Bakery Services, Inc., and another count identified victim as owner of bakery individually); *Change v. State*, 156 Ga. App. 316 (274 SE2d 711) (1980) (single count indictment identified victims by name and as d/b/a).

a separate date. *To make such dates a material allegation, the indictment must "specifically allege" that the date of the offense is material.*

(Citations and punctuation omitted; emphasis supplied.) *Thomas v. State*, 352 Ga. App. 640, 642 (1) (a) (835 SE2d 640) (2019); see also *Bradford v. State*, 285 Ga. 1, 4 (3) (673 SE2d 201) (2009); *Ledesma v. State*, 251 Ga. 885 (1) (a) (311 SE2d 427) (1984).[4]

In Counts 1, 2, and 3 of the indictment, Townsend was charged with taking an amount over $500 from the victims on three different dates. Specifically, the indictment alleged that, on separate dates, Townsend:

> did unlawfully take a sum of United States currency, the property of [the victims], with a value exceeding $500.00, with the intention of depriving said owner of said property, *this count not included in any other count of this indictment*[.]

---

[4] We have held that, where the indictment alleged "a different set of facts or a different date which is made an essential averment of the transaction, the State may on conviction punish the defendant for the various crimes." (Citations, punctuation, and emphasis omitted.) *Torres v. State*, 353 Ga. App. 470, 485 (6) (838 SE2d 137) (2020) (counts alleging defendant had sexual intercourse with the victim who was *under fourteen* did not merge with count alleging sexual intercourse with victim who was *over fourteen* because different facts supported each count and the age of the victim altered the possible sentence imposed such that it was a material element). But Townsend's indictment fails to allege different sets of facts or include a date that is material due to the possible sentence that could be imposed.

(Emphasis supplied.)

The State contends that this language is sufficient to make the date material and to protect Townsend from double jeopardy concerns. In light of our recent decision in *Thomas*, we are constrained to conclude otherwise. *Thomas*, 352 Ga. App. at 642-643 (1) (a) ("numerous cases hold that if the counts in the indictment are identical except for the dates alleged, and the dates were not made essential averments, only one conviction can stand.") (citation and punctuation omitted). Here, as in *Thomas*, the allegations in the indictment failed to particularize the dates, such as by specifying the amount of money taken on each occasion, and therefore, the date was not a material element in the indictment. See id. at 643 (1) (a). See also *Brown v. State*, __ Ga. App. __ (3) (844 SE2d 182, 189 (3)) (2020) (date was a material averment where indictment alleged "said date being a material element of the offense").

We have never opined what language is required to make the date material in the absence of express language stating that it is. But, we conclude that simply stating that the offenses in each count are "not included in the other counts" does not "specifically allege" that the date is material. See *Hunt v. State*, 336 Ga. App. 821, 825 (1) (b) (783 SE2d 456) (2016) (convictions merged despite language in indictment that the second count occurred on an "occasion different" or "on a

10

different date" than the first count). Compare *Brown*, 844 SE2d at 189 (3); *Bloodworth v. State*, 128 Ga. App. 657, 658 (1) (197 SE2d 423) (1973) (separate convictions could stand where "each count referr[ed] to a different day and different transaction, and each recit[ed] 'the date herein alleged being a material averment as to this count.'"); *Martin v. State*, 73 Ga. App. 573, 576 (3) (37 SE2d 411) (1946) (separate convictions for operating a lottery did not merge where indictment alleged that the date of each count was "an essential averment as to this transaction.").

As a result, Townsend is correct that his convictions for theft by taking must merge. And, as the sentences imposed on each count were to run consecutively, we must vacate the sentences and remand with instructions to merge the three theft offenses and resentence Townsend for only one theft conviction, in addition to the forgery conviction.

2. Townsend next argues that the trial court erred in ordering restitution without conducting a hearing and by identifying the victim to whom restitution was due as "Jayhawk Sports." Although we conclude that Townsend waived any argument with respect to a hearing or the restitution amount, we note that there is a scrivener's error with regard to the victim's name. We therefore affirm the restitution amount, but remand with instructions to correct the name of the victim.

11

Under OCGA § 17-14-3 (a), the trial court "shall, in sentencing an offender, make a finding as to the amount of restitution due any victim, and order an offender to make full restitution to such victim." When the parties disagree about the amount of restitution due, the trial court must conduct a hearing on the amount of restitution. OCGA § 17-14-7 (b). But a defendant can "waive any error in the decision of the trial court to decide the question of restitution as a part of the sentencing hearing, rather than in a separate and distinct hearing." (Citations and punctuation omitted.) *Wilson v. State*, __ Ga. App. __ (2) (842 SE2d 521, 524-525 (2)) (2020); see also *Futch v. State*, 314 Ga. App. 294, 297-298 (3) (a) (723 SE2d 714) (2012); *Ezebuiro v. State*, 308 Ga. App. 282, 285-286 (2) (a) (707 SE2d 182) (2011).

Here, there was no dispute about the amount of restitution due, thus eliminating the trial court's obligation to conduct a hearing. Moreover, Townsend never requested a hearing, nor did he move for a continuance or ask to present any evidence with regard to restitution. *Futch*, 314 Ga. App. at 297-298 (3) (a); *Ezebuiro*, 308 Ga. App. at 285-286 (2) (a). In fact, he requested that he be able to make restitution, and he testified that he had the funds to make payment. At sentencing, Townsend informed the trial court that "we did make an offer and showed proof that I had all the funds to provide you the 200,000. . . . When I offered to pay the 200,000 in cash and went

across the street to Wells Fargo and showed proof that I had the funds to reimburse or make everything whole[.]" And in his own testimony at trial, Townsend stated that he was willing to pay the victims the $200,000 to "cash [the victims] out and buy their ownership interest back." To argue now that a hearing was required for the trial court to determine the amount of restitution – an amount that Townsend himself conceded was correct – is disingenuous.

Although we find no error in the imposition of restitution, we note that there is a scrivener's error in the sentencing sheet. The trial court ordered restitution be paid to "Jayhawk Sports," but there was no testimony at trial that JayHawk Sports was the victim in this case. The proper remedy in such case is to remand for the trial court to correct the error. *Cooper v. State*, 352 Ga. App. 783, 791 (4) (835 SE2d 724) (2019).

For the foregoing reasons, we affirm the trial court's order awarding restitution, vacate the convictions and sentence imposed on the theft by taking counts, and remand for the trial court to merge those convictions and resentence Townsend accordingly, as well as to correct a scrivener's error in the restitution order.

*Judgment affirmed in part, vacated in part, and case remanded with direction.*

*Reese, P. J., and Colvin, J., concur.*

13